

Mark D. Alberg, Redeemer Legal Clinic, Tomahawk, Wis., for plaintiffs, Ronald Edward Pockat and Alice Johanna Pockat.

Michael E. Ravn, Russell & Ravn, Merrill, Wis., for defendant, Thorp Finance Corp.

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The debtors in the above entitled action having duly filed a voluntary petition in bankruptcy on the 15th day of November, 1979; and said matter having been duly noticed for a meeting of creditors; and thereafter the debtors having filed an amended exemption schedule herein; and the trustee having determined at the meeting of creditors that the case was a no asset case; and thereafter the debtors having duly filed this action by a complaint dated February 8, 1980; and praying for the avoiding of the fixing of any lien by the defendant on one certain 1972 IHC Tractor, ID # 259471Y033593, which was given as security for a loan to said defendant, Thorp Finance Corporation, and claiming that said tractor is exempt under 11 U.S.C. § 522(d)(1), (5) and (6); and the defendant having duly filed its answer herein by its attorney, and following a pre–trial confer-

**In the Matter of Ronald Edward POCKAT and Alice Johanna Pockat, Debtors.**

**Ronald Edward POCKAT and Alice Johanna Pockat, Plaintiffs,**

v.

**THORP FINANCE CORPORATION, Defendant.**

**Bankruptcy No. 79–01404.**
**Adv. No. 80–0019.**

United States Bankruptcy Court, W. D. Wisconsin.

June 10, 1980.

ence a stipulation of facts was duly filed on May 1, 1980; and thereafter having heard the arguments of counsel and having considered the briefs filed herein, and upon all of the record and proceedings, and being fully advised in the premises makes the following

## FINDINGS OF FACT

1. That said debtors filed a voluntary petition in bankruptcy as above stated.

2. That the 1972 IHC Tractor was given as security for a nonpossessory, nonpurchase—money security interest in said tractor dated March 9, 1979.

3. That said tractor is owned by the plaintiff, Ronald E. Pockat, as shown by the Certificate of Title.

4. That said plaintiff had been an over—the—road trucker prior to his filing the petition herein. That the first two years he drove for the State of Wisconsin (DNR) hauling government surplus. That the last three years he was what is known in the trade as an over—the—road trucker, being that he is the owner of the cab—tractor used by him in said work.

5. That during the last three years he leased said tractor to Sawyer Transport Trucking Company and has driven for them, and was paid on a percentage basis depending on what he was hauling.

6. That since the bankruptcy he has been employed part—time as truck driver for Bettendorf Transport. That he intends to continue on as an over—the—road trucker owning his own equipment, but that he has not been able to use the 1972 IHC cab—tractor because it is now broken and needs funds to get it repaired.

7. That he intends to continue with said Sawyer Transport under a lease arrangement or with some other lease operation.

8. The questions herein involved are: Is the 1972 IHC Tractor, ID # 259471Y033593, an implement or tool of trade of plaintiff, Ronald E. Pockat, as alleged in the complaint and claimed under the exemption of 11 U.S.C. § 522(d)(6)?

May a debtor avoid a security interest in exempt property under § 522(f) which was created after the enactment of the Bankruptcy Reform Act on November 6, 1978, but before October 1, 1979, the effective date of the Act?

9. Counsel stated that it has been very difficult to find any case interpreting the items included in the term "implement, tools of trade of the debtor, or the trade of a dependent of the debtor."

10. That counsel submitted that under the decisions of other states, law libraries of attorneys have been exempt under this terminology as well as artists' pictures. The Wisconsin Statutes and the 1970 Annotations are not enlightening in any way as to what is included under "tools of trade" as shown on page 1554 of said 1970 Annotations.

11. In *Cunningham v. Brictson*, 101 Wis. 378, 379–383, 77 N.W. 740, 742, the court said:

This court has said over and over again that exemption laws must be liberally construed; that, in following out the constitutional mandate, the legislature must provide for the enactment of laws giving the debtor a reasonable amount of property to be held free from the claims of creditors; that such laws are founded on the soundest considerations of public policy, and are designed to stimulate individual freedom and manly citizenship.

12. That § 522(f)(2)(B) provides voiding the lien on implements, professional books or tools of the trade of the debtor or the trade of a dependent of the debtor. Certainly a debtor, in order to be an over—the—road trucker and continue in that field of trucking, would have to have the cab—tractor available to him to make his living as much as any printer would need his printing tools, or an electrician his electrical tools, or any other mechanic the tools used by him in making a living.

13. That the attorney for the defendant has pointed out very clearly the position of the defendant, that the cab—tractor should not be defined as a tool of trade or imple-

**26**

ment of the debtor in that said term does not include vehicular means of transportation. The contention that since the security agreement was prior to October 1, 1979, it can not be voided can not be sustained–the change in the law was made available to Thorp almost four months prior to the mortgage, November 6, 1978.

Creditors obtaining security agreements after the passage of the Bankruptcy Reform Act of 1978 acted at their peril by accepting collateral which the law said could be lost by a debtor's lien avoidance power. They were on notice that their security interests could be lost in any of the types of goods specified in the Code. Creditors prior to the law's passage, however, such as the defendant here, had no such notice and no way to anticipate the law would be changing the effectiveness of consensual agreements which had served them so well for so long. To subject their consensual security agreements to a later law which destroyed the effectiveness of those agreements would amount to a retroactive taking of property without due process and accordingly would be unconstitutional. *Hawley v. AVCO Financial Services of Oregon, Inc.* (1980) 4 B.R. 147, 3 Bankr.L.Rep. (CCH) ¶ 67,431 (Bkrtcy.D.C.Or.).

14. That the said cab–tractor is an implement or tool of trade of plaintiff, Ronald E. Pockat.

15. That an order should be entered voiding the defendant's lien on the same as alleged in the complaint.

### CONCLUSIONS OF LAW

That an order be entered determining that the 1972 IHC cab–tractor, ID # 259471Y033593, to be an implement or tool of trade of the plaintiff within the meaning of 11 U.S.C. § 522(f)(2)(B) and said lien thereon voided.

### ORDER

NOW, THEREFORE, IT IS ORDERED: That the 1972 IHC cab–tractor, ID # 259471Y033593, owned by the plaintiff and debtor, Ronald E. Pockat, is an imple-

ment or tool of trade all within the meaning of 11 U.S.C. § 522(f)(2)(B); and that the lien of said defendant thereon is hereby voided.