22017

Linda G. GAMBRELL, Appellant, v. The TRAVELERS INSURANCE COMPANIES, Respondent.

(310 S. E. (2d) 814)

*Stephen K. Haigler* of *Otter, Sullivan, Haigler & Hermeston,* Anderson, *for appellant.*

*Thomas H. Coker, Jr., William M. Grant, Jr.,* and *Edwin B. Parkinson, Jr.* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

Dec. 20, 1983.

NESS, Justice:

This is an underinsured motorist case with the following questions having been certified to this Court by the Fourth Circuit U. S. Court of Appeals pursuant to Rule 46 of the Rules of Practice of the S. C. Supreme Court.

(1) Under S. C. Code Ann. § 56-9-831 (Supp. 1982) may a motorist recover under her underinsured motorist coverage when her damages exceed the at fault motorist's liability coverage, even though the at fault motorist's liability coverage is of a greater amount than the underinsured coverage?

(2) If the answer to the above question is in the affirmative, may the policyholder stack the underinsured motorist coverage provided to her by more than one vehicle?

We hold S. C. Code Ann. § 56-9-831 (Supp. 1982) allows appellant to recover those damages exceeding the at fault motorist's liability coverage to the extent of her underinsured motorist coverage.

Appellant, Linda G. Gambrell, was seriously injured on September 12, 1980 in a head-on collision with a vehicle operated by respondent's insured. For the purposes of this action, both parties have agreed that appellant has suffered damages in excess of respondent's insured's $50,000 liability coverage, and that she has purchased underinsured motorist coverage within the statutory limits.

S. C. Code Ann. § 56-9-831 (Supp. 1982) provides in pertinent part that:

"[Automobile insurance] carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured's liability coverage [here 25-50-25] — to provide coverage in the event that damages are sustained *in excess of the liability limits* carried by an at fault insured or underinsured motorist." (Emphasis added).

When interpreting a statute, "the legislative intent must prevail if it can be reasonably discovered in the language used, which must be construed in the light of the intended purpose of the [s]tatutes. One of the primary rules in a construction of a statute is that the words used therein should be taken in the ordinary and popular significance, unless there is something in the statute requiring a different interpretation." *Laird v. Nationwide Insurance Company*, 243 S. C. 388, 394, 134 S. E. (2d) 206 (1964); *Merchants Mutual Insurance Company v. South Carolina Second Injury Fund*, 277 S. C. 604, 291 S. E. (2d) 667 (1982).

Insurance policies are subject to general rules of contract construction. *Sloan Construction Company, Inc. v. Central National Insurance Company of Omaha*, 269 S. C. 183, 236 S. E. (2d) 818, 819 (1977). We must enforce, not write, contracts of insurance and we must give policy language its plain, ordinary and popular meaning. We should not torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties. *Torrington Company v. The Aetna Casualty & Surety Company, et al.*, 264 S. C. 636, 216 S. E. (2d) 547 (1975).

With these rules in mind, we conclude the purpose of S. C. Code Ann. § 56-9-831 (1982 Supp.) is to provide coverage where the injured party's damages exceed the liability limits of the at fault motorist. The only restriction recognized by the statute is that an insured may not have a greater amount of underinsured motorist coverage than he has liability coverage. There is no requirement that the insured's underinsured motorist coverage limits must exceed the liability limits of the at fault motorist.

An insurance policy must provide the minimum coverage required by statute. *Hamrick v. State Farm Mutual Automobile Insurance Company*, 270 S. C. 176, 241 S. E. (2d) 548 (1978). The portions of § 56-9-831 (1982 Supp.) provide

underinsured motorist coverage is not required but must be offered to the insured. Once the underinsured coverage has been offered and accepted, the insurer may not replace one with the other.

To adopt the insured's argument that underinsured coverage is only intended to offer protection in the event damages are caused by out of state vehicles whose coverage does not meet the statutory minimum would negate the theory of uninsured motorist coverage.

One buys uninsured motorist coverage to protect himself in case an at fault driver has no liability coverage or has less liability coverage than required by statutes. Over and above uninsured coverage he may procure underinsured motorist coverage to protect himself in case an at fault driver has liability coverage but the amount is insufficient to cover the damages sustained. Uninsured motorist coverage is required by law. S. C. Code Ann. § 56-9-830 (1976). Accordingly optional underinsured coverage would always be over and above either the at fault driver's liability coverage or over and above the policyholder's own uninsured motorist coverage. This is the protection provided for the additional premium paid for the underinsured motorist coverage.

We hold that the statute affords coverage to appellant, even though the at fault motorist's liability coverage is of a greater amount than her underinsured motorist coverage.

Respondents contend their policy provisions comply with the definition of underinsured motorist set forth in Department of Insurance Interpretive Bulletin No. 6-78.[1] This "administrative construction ... affords no basis for the perpetration of a patently erroneous application of the statute." *Monroe v. Livingston*, 251 S. C. 214, 161 S. E. (2d) 243 (1968). We also believe this construction of the statute would essentially make underinsured motorist coverage valueless in

---

[1] Respondent's policy defines underinsured motor vehicle as: "... [a] motor vehicle with respect to the ownership maintenance or use of which the sum of the limit of liability under all bodily injury or property damage liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits under this insurance ..."

many instances, as the statutory minimum for liability insurance in South Carolina is $15,000.[2]

Finally, we hold t' at under the present circumstances ■ appellant may stack underinsured motorist coverage, as S. C. Code Ann. § 56-9-831 specifically prohibits stacking in only two situations. Neither of these exceptions is applicable in this case.

S. C. Code Ann. § 56-9-831 (1976 as amended) states:

> "[I]f, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage. *Coverage on any other vehicles shall not be added to that coverage.*" (Emphasis added).

We interpret the first exception to allow an insured to stack any underinsured motorist coverage he maintains up to, but not in excess of the basic liability limits of 15-30-5 required by S. C. Code Ann. § 56-9-820 (1976). Additionally, we find the last sentence of the quoted portion of § 56-9-831 to refer only to the second exception, which deals with the situation where none of an insured's vehicles are involved in a particular accident. We hold that neither of these exceptions are applicable here.

In *Esler v. United Services Automobile Association*, 273 S. C. 259, 255 S. E. (2d) 676 (1979) we held "[t]he crucial test to be applied in [determining whether stacking is permissible] is not the number of policies issued but rather the number of additional coverages which were separately contracted and

---

[2] The Minnesota Supreme Court expressed similar sentiments in *Holman v. All Nation Insurance Company*, 288 N.W. (2d) 244, 251 (Minn. 1980). There the court determined that the passage of the State's No Fault Act made offers of underinsured motorist coverage meaningless to certain persons as it required that all Minnesota motorists be protected by an insurance plan meeting minimum Minnesota requirements.

paid for." See also *Kraft v. Hartford Insurance Companies,* S. C., 305 S. E. (2d) 243 (1983).

Here appellant purchased underinsured coverage for two vehicles through one policy. Appellant's policy information reflects that she in fact paid a separate premium for each automobile. We hold that appellant is entitled to stack her underinsured motorist coverage for her two vehicles.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.