800 F.2d 422
 Wesley E. DIXON, Appellant,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire
Insurance Company, Nationwide Life Insurance Company,
Nationwide General Insurance Company, and Nationwide
Property and Casualty Company, Appellees.
Wesley E. DIXON, Appellee,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire
Insurance Company, Nationwide Life Insurance Company,
Nationwide General Insurance Company and Nationwide Property
and Casualty Company, Appellants.
James Lee BECKMAN, formerly d/b/a Jim Beckman Insurance
Company; Jasper N. Watson, Jr., Appellees,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire
Insurance Company, Nationwide General Insurance Company,
Nationwide Property and Casualty Company, and Horace Mann
Insurance Company, Horace Mann Life Insurance Company, and
Educators Marketing Services Corporation, Appellants.
 Nos. 84-2364, 84-2365 and 85-1106.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 14, 1986.
Decided Sept. 12, 1986.
 
 Appeals from the United States District Court for the District of South Carolina, at Greenville G. Ross Anderson, Jr., District Judge. (C/A 83-815); Appeal from the United States District Court for the District of South Carolina, at Columbia. Clyde H. Hamilton, District Judge. (C/A 83-154, 83-656).
 Before WINTER, Chief Judge, and RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN, CHAPMAN, WILKINSON and WILKINS, Circuit Judges, sitting en banc.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 Following a request for en banc hearing of the appeal herein, a majority of the active judges of this Court voted to grant en banc hearing. The appeal was accordingly heard by the en banc court. After the hearing, a majority of the Court, consisting of Judges Russell, Widener, Hall, Chapman, Wilkinson, and Wilkins, voted not to certify the cause to the South Carolina Supreme Court but to affirm the judgments of the district court in the consolidated appeals herein on the majority panel opinion of Judge Emory M. Sneeden, as reported in 784 F.2d 1176.
 
 
 2
 Dissenting, Judges Winter, Phillips, Murnaghan, Sprouse and Ervin would certify the issues in this case to the South Carolina Supreme Court; however, assuming a majority of the Court had not agreed to certification, Judges Phillips, Murnaghan, Sprouse and Ervin would sustain the constitutionality of South Carolina Code Annotated Sec. 38-37-940(2) and would affirm the judgment of the district court in the Beckham case but would reverse the judgment in the Dixon case and remand it for a new trial for the reasons stated in Judge Phillips' dissenting and concurring opinion, also reported in 784 F.2d 1176.
 
 
 3
 AFFIRMED.
 
 WILKINSON, Circuit Judge, concurring:
 
 4
 I take exception to the suggestion in Chief Judge Winter's dissent that we certify the question in this case.
 
 
 5
 Certification of questions of state law is a desirable procedure in appropriate circumstances. Like most doctrines of abstention or reference, however, certification may further delay the resolution of cases, and impose an added burden upon state courts. Where the state official charged with administration of a law has expressed a clear view on the precise matter before us, there is no infringement on the proper function of state law in following that ruling.
 
 HARRISON L. WINTER, Chief Judge, dissenting:
 
 6
 These appeals present questions of the meaning of a South Carolina statute and whether the statute is constitutional. When the appeals were submitted to the panel, it ruled the statute constitutional and, by a split vote, determined its meaning. Dixon v. Nationwide Mutual Insurance Company, 784 F.2d 1176 (4th Cir.1986). The losing parties filed a petition for rehearing with a suggestion for rehearing in banc. Because the panel, by reason of the resignation of one of its members who was part of the majority, was evenly divided and unable to decide the petition on its merits, we concluded to rehear the case in banc.
 
 
 7
 As I view the case, it is a classic one for certification of the question of statutory interpretation to the South Carolina Supreme Court, and I am at a loss to understand the majority's refusal to adopt this course. The case presents a question of interpretation of a relatively recent state statute on which there is no authoritative state adjudication. Only the State Chief Insurance Commissioner has expressed a view on the meaning of the statute; and while his view is entitled to deference, it does not bind any state or federal court. As the panel opinions demonstrate, the statute can be read to have either of two conflicting meanings. Because we have the case under diversity jurisdiction, our function as to the question of statutory interpretation is to determine and apply state law, but we are faced with a total lack of authoritative state precedent.
 
 
 8
 South Carolina has a certification procedure. See South Carolina Supreme Court Rule 46. We have employed this rule in other cases which raised questions of South Carolina law not answered by authoritative precedent. See Frost v. Williams Mobile Offices, Inc., 795 F.2d 372 (4 Cir.1985); Gambrell v. Travelers Ins. Co., 280 S.C. 69, 310 S.E.2d 814 (1983). To my mind, logic requires that same approach here. The majority advances no reason why we should not follow prior practice.
 
 
 9
 In addition to employing logic, we should also heed pertinent Supreme Court decisions. We have been both instructed to certify questions of law in circumstances like those in the instant cases, see Bellotti v. Baird, 428 U.S. 132, 151-52, 96 S.Ct. 2857, 2868, 49 L.Ed.2d 844 (1976), and encouraged to take such action, see Lehman Brothers v. Schein, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974). See also Butzner and Kelly, Fourth Circuit Review--Foreword: Certification: Assuring the Primacy of State Law in the Fourth Circuit, 42 Wash. & Lee L. Rev. 449 (1985).
 
 
 10
 I also would not express an opinion on the constitutional claim made by the insurers. While I doubt that it has much substance, I would not express a view on the validity of a statute until I knew authoritatively what the statute meant.
 
 
 11
 Because I think that the decision of the majority is illogical and counter to the proper course of action outlined by the Supreme Court and our prior cases, I respectfully dissent.
 
 
 12
 Judge PHILLIPS, Judge MURNAGHAN, Judge SPROUSE, and Judge ERVIN authorize me to state that they join in this dissent.