In re Jeffry Lynn CHAPMAN, Linda L. Chapman, Debtors.

Bankruptcy No. 86–A–1461.

United States Bankruptcy Court, D. Maryland at Rockville.

Dec. 31, 1986.

Melvin Feldman, Rockville, Md., Trustee.

Lee Caplan, Cumberland, Md., for debtors.

James Heidelbach, Baltimore, Md., for First Nat. Bank of Maryland.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Melvin M. Feldman, trustee of the bankruptcy estate of Jeffry Lynn Chapman and Linda L. Chapman, has objected to the claim of exemptions by the debtors insofar as debtors claim as exempt a 1979 Freightliner Tractor and 1978 Hill Trailer. This equipment is said to be valued at $30,000. The debtors filed their Chapter 7 bankruptcy petition on June 18, 1986. The exemption is claimed under MD.CTS. & JUD. PROC.CODE ANN. § 11–504(b)(1) (1984) which provides:

> § 11–504. *Exemptions from execution.*
>
> (b) *In general.*—The following items are exempt from execution on a judgment.
>
> (1) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession except those kept for sale, lease, or barter.

Maryland has opted out of the federal exemption scheme, MD.CTS. & JUD.PROC. CODE ANN. § 11–504(g), pursuant to 11 U.S.C. § 522(b)(1) (1985).

## ISSUE

The issue of whether a motor vehicle may be exempted under Maryland law as a tool of the debtor's trade appears to be a case of first impression in this Division, however, the matter has been raised in the

Baltimore Division. There, the court held that a motor vehicle may not be claimed as exempt under § 11–504(b)(1) as a tool necessary for the practice of any trade or profession. *See In re Taylor*, No. 86–B–0004 (BC Md. Oct. 15, 1986) (order modifying automatic stay, debtors' 1974 Peterbilt truck tractor not exempt property); *In re Harding*, No. 83–B–1263 (BC Md. Nov. 9, 1983) (memorandum and order sustaining objection to claim of exemptions: a dragline crane, four tractors, two graders, a plow and a combine). This court finds no reason to deviate from the practice of Maryland bankruptcy judges of following the precedents established in the other division.

## FACTS

The parties have stipulated to all material facts.

1. The tractor and trailer are used by Mr. Chapman for hauling coal, sand and gravel.

2. The debtor has used the tractor and trailer for his own business since 1977.

3. Hauling is the sole source of income for the debtor, Mr. Chapman.

4. The debtor, Jeffry Chapman, is the exclusive operator of the rig in issue.

5. The rig has been used by the debtor since 1979 and is operated primarily in intrastate operations.

6. During the period 1980–1983 the debtor, Jeffry Chapman, owned two rigs.

7. While contesting materialty, the trustee agrees the following facts are true:

A. The debtors have three minor children.

B. Mrs. Chapman works 30 hours and earns $3.50 an hour in a convenience store.

C. The debtors have approximately $3,000 a year income from rental properties.

D. The debtors own other assets but these are held as collateral by a secured creditor.

## DISCUSSION

The parties have cited cases on either side of the issue of whether a motor vehicle may be claimed as exempt. *See In re Trainer*, 56 B.R. 21 (BC S.D.Tex.1985) (a truck and trailer held not to be a "tool and implement of a trade"); *In re Parker*, 40 B.R. 490 (BC N.D.Ala.1984) (pickup truck held not to be a "tool of the trade"); *Matter of Pockat*, 6 B.R. 24, 3 C.B.C.2d 1 (BC W.D.Wis.1980) (cab-tractor held to be a "tool of the trade" of an over-the-road trucker). Other cases are collected in Bkr-L Ed, CODE COMMENTARY AND ANALYSIS § 22:65, n. 75–76.

■ The issue to be decided is whether under existing Maryland law [1] the truck

1. The Fourth Circuit dealt with a similar issue many years ago in a case arising in the District of Maryland. *Steiner v. Marshall*, 140 F. 710 (4th Cir.1905). As quoted in the court's opinion, the Maryland law then in effect provided for the exemption of the following items:

All wearing apparel, mechanical text-books and books of professional men, tools of mechanics, and all tools or other mechanical instruments or appliances moved or worked by hand or foot, necessary to the practice of any trade or profession, and used in the practice thereof, shall be exempt from execution, in addition to the property hereinbefore exempted; but this section shall not apply to any books, tools, mechanical instruments or appliances kept for sale or barter. Article 83, § 11, of the Code the Public General Laws of Maryland.

*Id.* at 711. The court considered the following exemptions claimed by the bankrupt, an undertaker and funeral director:

1 embalming satchel, and instruments, other small tools, engraving machine, embalming boards, couch, canopy, six fur rugs, 2 prs. black cloth pedestals, 1 pr. of white pedestals, 1 pr. brass pedestals, 3 prs. wooden pedestals, 1 candelabra, 4 door crapes, 1 transfer case, 4 ice boxes, 1 church truck, 2 black catafalques, one white catafalque, 1 undertaker's wagon, 1 undertaker's Dayton wagon, and petitioner's wearing apparel.

*See Id.* at 710. The District Court had directed the trustee to return to the bankrupt all of the articles listed except the undertaker's Dayton wagon. In affirming the judgment of the District Court, the Court of Appeals noted that the "governing idea in the section seems to be that the articles exempted are those necessary to the practice of the trade or profession, not moved

and rig in this case can be considered a tool necessary for the practice of any trade. The court looks to the intent of the Maryland General Assembly in making the determination whether a motor vehicle could possibly be considered as a "tool" as that word is used in section 11–504(b)(1). Such an open-ended exemption must be carefully construed.[2] While there is virtually no legislative history available for section 11–504, it is impossible to conceive of the General Assembly's intention to exempt motor vehicles as tools for the practice of a trade or profession. As the trustee correctly noted, such an interpretation would permit an independent pilot in the business of transporting passengers or freight to exempt his aircraft, or a sea transporter of oil products to exempt his fleet of tankers worth millions of dollars. It would be an unreasonable interpretation, violative of the State Constitution, to allow as exemptions property worth in the tens of thousands of dollars. *See* Md. Const. Art. III, § 44 ("Laws shall be passed by the General Assembly, to protect from execution a reasonable amount of the property of the debtor."). Had the Maryland legislature desired to include excessive equity in motor vehicles, tractor trucks, and farm combines within the exemption protection, the court concludes that dollar limitation figures

would have been provided as in three other segments of the exemptions. The court is left to its best judgment. There can be no absolute certainty of any federal court's determination without certification[3] of this question of law to the Maryland Court of Appeals under the Maryland Uniform Certification of Questions of Law Act, MD. CTS. & JUD.PROC.CODE ANN. §§ 12–601 *et seq.* (1984).

The policy of allowing exemptions from execution or under the bankruptcy law is a legislative decision that debtors should retain certain forms or amounts of property at creditors' expense. The rationale described is one of retaining a subsistence core to protect the debtor and dependents. *See generally Aaron Bankruptcy Law Fundamentals* § 7.01 (1986). The determination in the final analysis is a legislative one. The court accepts the argument that the debtors would be hard pressed to maintain their same level of earnings without the tractor and trailer. However, that is not what is required by the Maryland Constitution. That requirement deals with preserving from execution a reasonable amount of property of the debtor. Viewed in this light, this valuable tractor rig exceeds the "reasonable amount" contemplated by the Maryland Legislature.

by steam, electricity, or other motive power than hand or foot." *See id.* at 712. The case is not controlling because of the change in Maryland law.

2. There is language in *Hickman v. Hanover,* 33 F.2d 873, 874 (4th Cir.1929), that exemption statutes are to be liberally construed ("the better and almost universal rule is that such statutes should receive a liberal construction in favor of the debtor in order to advance the humane purpose of preserving to the unfortunate or improvident debtor or his family the means of obtaining a livelihood and prevent them from becoming a charge upon the public"). Such an interpretation does not and cannot apply to an open-ended exemption without monetary limit. *In re Howland,* 27 B.R. 896, 898 (BC Md.1983) (a case involving a claimed exemption of over $50,000 in life insurance proceeds under § 11–504(b)(2)).

3. *See Dixon v. Nationwide Mut. Ins. Co.,* 800 F.2d 422, 423 (4th Cir.1986) (Winter, C.J., dissenting).

As I view the case, it is a classic one for certification of the question of statutory interpretation to the South Carolina Supreme Court.... The case presents a question of interpretation of a relatively recent state statute on which there is no authoritative state adjudication.

The Maryland enactment of the Uniform Certification of Laws Act does not contemplate certification from the bankruptcy court. Therefore, an appeal would have to be filed in order to obtain the opinion of the Maryland Court of Appeals on this subject. On the other hand, federal courts may determine whether state law conflicts with federal law and violates the supremacy clause of Article VI of the Constitution. *See Brown v. Posin,* 284 F.2d 300 (4th Cir.1960); *In re Davis,* 16 B.R. 62, 63–64, 5 C.B.C.2d 1023, BLD ¶ 68481 (BC Md.1981); *In re Locarno,* 23 B.R. 622, 630, 9 B.C.D. 813, 7 C.B.C.2d 553 (BC Md.1982).

For the reasons discussed herein and in the opinions of the Baltimore Division cited above, the court will enter an order sustaining the trustee's objection.