1384

ALLSTATE INSURANCE COMPANY, Respondent v. Charles B. MAN-GUM, Adm. dbn of Estate of John H. Peurifoy, Jr., deceased; and Deloris M. Hamilton, individually and as adm. of the estate of Inglis Paige Peurifoy, deceased, Appellants.

(383 S. E. (2d) 464)

Court of Appeals

*J. Robert Peters, Jr.,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, and *Gerald C. Smoak,* of *Smoak, Moody & Smoak,* Walterboro, *for appellants.*

*Gordon D. Schreck,* of *Buist, Moore, Smythe & McGee,* Charleston, *for respondent.*

Heard May 9, 1989.

Decided July 31, 1989.

GARDNER, Judge:

Allstate Insurance Company (Allstate) sought a declaratory judgment, with respect to its homeowner's policy, that it owed no defense or coverage to the estate of John H. Peurifoy, Jr. The trial court held that a policy exclusion was applicable and granted judgment to Allstate. We affirm.

## ISSUES

The issues presented are whether the trial judge erred (1) in failing to hold that the separability clause of the insurance policy required a construction of the exclusionary clause so as to limit its application to only an "insured person" who is alleged to be a joint tort-feasor, (2) in failing

to hold that the Chief Insurance Commissioner's approval of the form of the policy in question was defective; and (3) in failing to hold that the doctrine of reasonable expectations is applicable to this case.

## FACTS

Allstate issued its Standard Homeowner's Policy to John H. Peurifoy, Jr., and Deloris M. Peurifoy. In the summer of 1982, John and Deloris Peurifoy with their two daughters, one of whom was six-year-old Inglis Paige Peurifoy, went on a family boating trip near Edisto Island, South Carolina. While on this outing, John Peurifoy and his daughter, Inglis Paige, drowned. Subsequently, Mrs. Peurifoy, now Deloris M. Hamilton (Hamilton), the administrator of the estate of Inglis Paige, instituted this action against the estate of her former husband, John H. Peurifoy, Jr., in which she alleged that Inglis's death was caused by the negligence of John Peurifoy.

Allstate brought this declaratory judgment action for the purpose of determining whether its homeowner's policy provided coverage for John H. Peurifoy, Jr., in Hamilton's suit for wrongful death. On motion for summary judgment, the appealed order held that Allstate did not provide liability insurance for John Peurifoy's estate in the wrongful death action.

The insuring clause provides that, "We will pay all sums ... which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage *covered by this part of the policy.*" [Emphasis ours.]

Under a section entitled, "Exclusions, Losses We Do Not Cover," we find this: "We do not cover bodily injury to an insured person ..."

Under a section entitled, "Definitions Used Throughout This Policy," the policy provides:

> 3. **"Insured Person"** means **you** and, if a resident of **your** household, any relative and any dependent person in **your** care.

Under a paragraph entitled, "Our Limits of Liability," the policy provides "This insurance applies separately to each insured person."

## DISCUSSION

### 1.

The trial court held that the exclusionary clause of the policy is effective to exclude liability coverage for Inglis Peurifoy's death. The effect of the appealed order is that the policy excludes liability coverage for "bodily injury to an insured person."

Hamilton, relying on the policy's separability clause, contends that the words "insured person" as used in the exclusionary clause, means only such person who is an alleged tortfeasor, i.e., such person who is at fault and against whom the action is brought for negligence. We hold that the doctrine of separability does not apply to the terms of the policy before us.

The doctrine of separability is a widely recognized doctrine. *See* 13 Appleman, *Insurance Law and Practice* Section 7486 at 633 (rev. ed. 1976):

The facts existing at time of the injury or damage control the application of an exclusionary clause in a liability policy. In addition, exclusionary language of a policy properly should be restricted in its application to each insured party specifically and not collectively against all parties insured.

Thus an additional although unnamed insured would be treated as if he had a separable policy in determining the applicability of policy exclusions. *And particularly where the policy contains a severability of interests clause, the exclusions are to be applied only against the insured for whom coverage is sought.*[1] [Emphasis ours.]

Stated differently the doctrine of separability simply means that the company undertakes separate and distinct obligations to the various persons named or defined by the policy as "insured persons."

This doctrine is not applicable to the policy before us because the obligation set forth in the insuring clause limits coverage to "damages because of bodily injury ... *covered by this part of the policy.*" [Emphasis ours.] The policy then

---

[1] This is the exact argument made by Hamilton in this appeal.

clearly states that it does not cover bodily injury to an insured person and, under the terms of the policy, Inglis Paige Peurifoy is clearly an insured person.

We have carefully reviewed all authority cited by Hamilton and many other authorities pertaining to the doctrine of separability. The authorities are divided on this question. The history of the doctrine and the contrasting views of the courts of the nation are set forth in *Pennsylvania National Mutual Casualty Insurance Co. v. Bierman*, 266 Md. 420, 292 A. (2d) 674 (1972), which contains a thorough discussion of the subject. We recommend it to the readers of this decision.

In all the cases which we have reviewed dealing with the subject, the insuring clause simply provides that the company would pay on behalf of the insured all sums which he may become legally obligated to pay as a result of bodily injury or property damage. None of the policies involved in the decisions which we have read limit coverage in the insuring clause as does the one before us to "bodily injury ... covered by this ... policy." Thus, the insuring clause of the policy before us differentiates this case from those cited by Hamilton. And we so hold. For these reasons, we reject the application of the doctrine of separability to the policy before us and affirm the holding of the appealed order to the effect that no liability coverage was provided by the policy for bodily injury to Inglis Paige Peurifoy.

2.

Hamilton next contends that the Chief Insurance Commissioner's approval of the form of the policy in question was defective because a memorandum which Allstate sent to the Commission along with the policies submitted for approval did not refer to the exclusion involved in this case. We summarily reject this contention. The form of the new policy was always before the Insurance Commissioner, and contained all of the provisions of the new policy. The evidence shows without contradiction that the Commission looked upon Allstate's memorandum as a mere convenience and neither required nor relied upon it as part of the approval process. We, therefore, find no merit to this contention.

Moreover, it is also uncontradicted that before the Commissioner's order approving the new policies was signed,

Allstate submitted a supplemental memorandum specifically calling attention to this exclusion. This memorandum was acknowledged and marked "approved" before Allstate issued the new policy to the Peurifoys.

### 3.

Hamilton, during argument on the motion for summary judgment, urged that the court adopt the doctrine of reasonable expectations. This doctrine essentially is that "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated these expectations." R. E. Keeton, "Insurance Law Rights at Variance With Policy Provisions," 83 Harv. L. Rev. 961, 967 (1970), quoted in *Perrine v. Prudential Insurance Co. of America*, 56 N. J. 120, 127, 265 A. (2d) 521, 524-25 (1970). The theory is based upon the proposition that the construction of the language of an insurance contract is not ordinarily controlled by the standards applicable to a contract negotiated at arms length between two parties on the same plane. *Linden Motor Freight Co. v. Travelers Insurance Co.*, 40 N. J. 511, 193 A. (2d) 217 (1963).

This view has never been accepted by the Supreme Court of this State. In South Carolina insurance policies are subject to the general rules of contract construction. *Gambrell v. Travelers Insurance Companies*, 280 S. C. 69, 71, 310 S. E. (2d) 814, 816 (1983).

> If the intention of the parties is clear, the Courts have no authority to change the contract in any particular and have no power to interpolate into the agreement between the insurer and the insured, a condition or stipulation not contemplated by the parties.

*Carroway v. Johnson*, 245 S. C. 200, 203, 139 S. E. (2d) 908, 910 (1965). A reviewing court should not rewrite or "torture the meaning of policy language" to achieve a result never intended by the parties. *Gambrell*, 280 S. C. at 71, 310 S. E. (2d) at 816.

Moreover, the appealed order did not address the doctrine of reasonable expectations. This court has repeatedly held that though an issue is argued before

a trial judge, if the trial judge failed to pass on the issue, the party asserting it does not preserve it for appeal unless he moves to amend the judgment by requesting the circuit court to address it pursuant to Rule 59(e), SCRCP. *Palm v. General Painting Co.*, 296 S. C. 41, 370 S. E. (2d) 463 (Ct. App. 1988). Hamilton failed to so move and therefore failed to preserve for appeal the argument of reasonable expectations. For this and the other reasons stated, this argument is rejected. And we so hold.

## CONCLUSION

The central issue of this case is whether, in the construction of the homeowner's insurance policy before us, this court should accept the doctrine of separability which is novel to this state. We hold, for the reasons that we have stated, that under the policy before us the doctrine of separability is not applicable to this case. And for the reasons stated, we reject the other contentions made by Hamilton. For these reasons, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., concurs.

CURETON, J., concurs in separate opinion.

CURETON, Judge (concurring):

I concur in parts 2 and 3 of the majority opinion. I also concur in part 1 of the opinion but on a basis more simply stated. As I understand Hamilton's argument the use of the term "an insured person" as appears in the policy is ambiguous. She contends there is significance to the use of the language "an insured" as contrasted to other possible policy language such as "any insured" or "insured persons." She further argues that because the policy provides the insurance applies separately to each insured person she "must be treated separately" in construing the policy exclusion and the term "insured person" as relates to her insurance coverage means the deceased, John H. Peurifoy, Jr., who is the "alleged tortfeasor." Because Inglis is not the tortfeasor against whom the action is brought, she asserts the exclusion does not apply to the claim for Inglis's death.

In an effort to show ambiguity in the exclusion, Hamil-

ton's counsel argued before us that the exclusion could have been made clearer by use of language that precluded all claims between family members or persons defined in the policy as insured persons. Finally he suggested the exclusion could have simply stated insured persons, as defined in the policy, could not under any circumstances recover for personal injuries.

Exclusions in policies of voluntary insurance as contrasted to exclusions in mandatory insurance policies are permissible unless the exclusion violates a statutorily mandated provision. *See Snakenberg v. Hartford Casualty Ins. Co. Inc.*, 383 S. E. (2d) (S. C. Ct. App. 1989). The purpose of a family exclusion is to exempt the insurer from liability to those persons the insured would be partial to due to close family ties. *See Hunter v. Southern Farm Bureau Casualty Ins. Co.*, 241 S. C. 446, 129 S. E. (2d) 59 (1962).

Hamilton has failed to establish to my satisfaction an ambiguity in the policy. While there is usually room for improving the language of most written documents, it is clear to me from a reading of Part 1 of the policy that Allstate agreed to pay all sums an (which is synonymous with any) insured person becomes legally obligated to pay. In the same part, the policy states Allstate will not cover bodily injury to an insured person. One need only turn to the definition part of the policy to determine that Inglis is an insured. Hamilton suggests ambiguity where none exists and I would so hold.