478 S.E.2d 831

**STATE FARM FIRE AND CASUALTY COMPANY, Respondent,**

**v.**

**Michael BREAZELL, Janice Breazell, Anna Plunkett, individually and Anna Plunkett as Personal Representative of the Estate of Thomas Plunkett, deceased, and Carol M. Elliott, Special Administrator of the Estate of Thomas Plunkett, deceased, of whom Anna Plunkett and Carol M. Elliott are, Appellants.**

No. 24523.

Supreme Court of South Carolina.

Heard May 21, 1996.

Decided Nov. 12, 1996.

Rehearing Denied Dec. 19, 1996.

Sally M. Walker, Law Offices of Sally M. Walker, Columbia, for appellants.

Robert M. Cook, II, and Robert A. McKenzie, both of McDonald, McKenzie, Rubin, Miller and Lybrand, Columbia, for respondent.

FINNEY, Chief Justice:

This is a declaratory judgment action to determine coverage under the Breazells' homeowner policy. The trial judge granted respondent's motion for summary judgment. We affirm.

The decedent Thomas Plunkett was placed in the Breazells' home for foster care at around the age of six months and

remained with them until his death at around the age of two and half years. Thomas died of suffocation while under the care of the Breazells. Decedent's natural mother, Anna Plunkett, sued the Breazells for wrongful death.

State Farm defended the Breazells in federal court under a reservation of rights while pursuing a declaratory judgment in circuit court to determine its duty to defend and obligation to pay. State Farm moved for summary judgment on the grounds that there is no genuine issue of any material fact and State Farm is entitled to judgment as a matter of law. After a hearing, the trial judge granted State Farm's summary judgment motion finding as a matter of law Thomas Plunkett was a resident of the Breazell household. Accordingly, the court ruled that State Farm does not have a duty to defend or pay any judgment based on the policy exclusion for injury to an insured.

■ The broad issue here is whether the foster child was a resident of the Breazells' foster home and in their care for insurance purposes.

The State Farm homeowner's policy contains the following exclusion: liability and medical coverage do not apply to bodily injury to you or any insured within the meaning of part a or b of the definition of insured. The definition section states that insured means you and, if residents of your household: a) your relatives; and b) any other person under the age of 21 who is in the care of a person described above.

■ Appellants contend summary judgment should not have been granted because there was a material issue of fact regarding the foster care relationship. Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Cafe Associates, Ltd. v. Gerngross,* 305 S.C. 6, 406 S.E.2d 162 (1991).

The trial court found the following material facts are undisputed. Thomas Plunkett was living with the Breazells who were his Department of Social Services (DSS) licensed foster parents. Thomas had been exclusively in the Breazells' care for twenty months. Thomas died of suffocation while in their care. The Breazells alone fed, clothed, bathed and provided

for Thomas's needs and they treated him as they would their own son. At the time of his death neither the Breazells nor DSS had any plans to place Thomas outside of the Breazells' home. The foster care contract stated the placement of Thomas in the Breazells' home would be for an indefinite period of time. The contract also required the foster parents to rear, support and care for Thomas and provide him with an opportunity for an adequate education. There is no genuine issue of material fact regarding the foster care relationship.

■ To determine whether Thomas was a resident or member of the Breazell household, the trial court applied the test in *A.G. by Waite v. Travelers Ins. Co.*, 112 Wis.2d 18, 331 N.W.2d 643 (App.1983). The determination under the *Waite* test is dependent upon three factors: 1) living under the same roof; 2) in a close, intimate and informal relationship, and 3) where the intended duration of the relationship is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship in contracting about such matters as insurance or in their conduct in reliance thereon. *Waite, supra.* The trial court concluded the undisputed material facts met the *Waite* test. Specifically, the court found Thomas was in the Breazells' exclusive care for twenty months and the contractual obligation was to continue for an indefinite period. Further the Breazells testified that they treated Thomas as a child of their own.

We adopt the test as set forth in *Waite* and find the trial judge did not err in concluding the facts as applied to the test in *Waite* indicate Thomas was a resident of the Breazells' household.

Appellants next claim the undefined terms of the homeowners' policy are ambiguous and should be construed in favor of the insured. Specifically, appellants assert "resident," "household," and "in the care of" are ambiguous and should be construed in favor of the insured.

Insurance policies are subject to general rules of contract construction. We must enforce, not write, contracts of insurance and we must give policy language its plain, ordinary and popular meaning. We should not torture the

meaning of policy language in order to extend or defeat coverage that was never intended by the parties.

*Gambrell v. Travelers Ins. Co.,* 280 S.C. 69, 310 S.E.2d 814 (1983).

The trial judge concluded that residency referred to actual residency as opposed to legal residence. The court found that the common, ordinary and popular meaning of resident fits most closely to the actual residency of Thomas in this particular situation. Appellants argue that Thomas was not in the Breazells' care for insurance purposes but was actually under the care of DSS because they had legal custody. The trial judge found the plain and ordinary meaning of "in the care of" in this context refers to the actual daily caring for the needs of another. The terms of the policy are unambiguous and should be given their plain and ordinary meanings.

We find the trial judge properly granted summary judgment and concluded based on the material facts that Thomas was a resident of the Breazells' household for insurance purposes.

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.