THIS
 OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
Joshua Bell, Appellant,
v.
Progressive
Direct Insurance Company, Respondent.

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2011-UP-242   
 Submitted February 1, 2011  Filed May 24,
 2011
 Withdrawn, Substituted and Refiled June
23, 2011

AFFIRMED

Gene M. Connell, Jr., of Surfside Beach,
 for Appellant.
J.R. Murphy, of Columbia, for Respondent.
PER
 CURIAM: In this insurance case from Horry County, Joshua Bell brought an action against
 Progressive Direct Insurance Co. (Progressive), seeking to recover underinsured
 motorist (UIM) coverage from a policy issued to his live-in girlfriend, Sarah
 Serven.  Bell now appeals the trial court's grant of summary judgment in favor
 of Progressive.  We affirm.
FACTS
On
 May 4, 2005, Progressive issued an automobile insurance policy covering a
 vehicle owned by Serven and effective until May 4, 2006.  The policy listed Serven
 and Bell as "Drivers and household residents," but listed Serven as
 the only "named insured."  In March 2006, Bell was in an auto
 accident while a passenger in a car owned by his employer.[1] 
 At the time of the accident Bell was living with Serven.  
In
 March 2006, the couple had a child together.  Around this time, Bell gave
 Serven a diamond ring and the two were engaged without having set a wedding date. 
 Sometime around February 2007, Serven and the child moved to Maryland and the
 couple called off the engagement.  Shortly after Serven moved to Maryland, she
 and Bell became engaged for a second time, again without setting a date.  While
 Serven and the child lived in Maryland, Bell visited several times and planned
 to move there in June 2007.  However, around the end of May 2007, Bell made an
 unannounced visit to Maryland and found Serven with another man.  Subsequently,
 the couple permanently called off their engagement.
On
 July 18, 2007, Bell brought this action, seeking UIM coverage under the Progressive
 policy.  Progressive moved for summary judgment.  The trial court granted the
 motion, finding (1) Bell and Serven were not common law married, and therefore,
 Bell was not a named insured under the policy and (2) South Carolina courts
 have not adopted the doctrine of reasonable expectations, and therefore, Bell
 is not entitled to UIM coverage by virtue of being a "driver or household
 member."  This appeal followed.
STANDARD OF
 REVIEW
Summary
 judgment is appropriate when there are no genuine issues of material fact and
 it is clear the moving party is entitled to a judgment as a matter of law. 
 Rule 56(c), SCRCP.  "Appellate courts review the grant of summary judgment under the same standard applied by the trial court
 . . . [granting summary judgment] where there are no genuine issues of material
 fact, . . . [and viewing] the evidence and all inferences that reasonably can
 be drawn [therefrom] . . . in the light most favorable to the nonmoving
 party."  Argoe v. Three Rivers Behavioral Ctr. & Psychiatric
 Solutions, 388 S.C. 394, 400, 697 S.E.2d 551, 554 (2010) (citations
 omitted).  "[I]n cases applying the preponderance of the evidence burden
 of proof, the non-moving party is only required to submit a mere scintilla of
 evidence in order to withstand a motion for summary judgment."  Hancock
 v. Mid-South Mgmt. Co., 381 S.C. 326, 330, 673 S.E.2d 801,
 803 (2009).
LAW/ANALYSIS
1.  Bell
 argues the trial court erred in failing to find the policy provided him with
 UIM coverage.  We disagree.  
If
 a person's vehicle is not involved in an accident, that person may reach only
 one at-home policy of which he is an insured.  See S.C.
 Code Ann. § 38-77-160 (2002) ("If none of the insured's or named insured's
 vehicles is involved in the accident, coverage is available only to the extent
 of coverage on any one of the vehicles with the excess or underinsured
 coverage.").  Here, Bell is not an insured under Serven's policy.
Serven's
 policy explicitly provides UIM for an "insured person," and it
 defines that term as "you or a relative."  "You" is defined
 under the policy as "a person or persons shown as a named insured on the
 Declarations Page" and "the spouse of a named insured if residing in
 the same household."  "Relative" is defined as "a person
 residing in the same household as you, and related to you by blood, marriage,
 or adoption . . . ."  Consequently, whether Bell is insured
 by and may therefore reach Serven's policy depends upon whether he falls within
 one of the defined terms, you or relative. 
As
 to whether Bell falls within the defined term "you," Bell first
 argues the use of the term "household resident" on the policy's
 declaration page creates an ambiguity as to whether he is a named insured that
 must be resolved against the insurer, Progressive.  We disagree.  "The
 majority view is that listing a driver on the declarations page of an insurance
 policy does not make that person a named insured."  Ex Parte United
 Servs. Auto Ass'n, 365 S.C. 50, 55, 614 S.E.2d 652, 654 (Ct. App. 2005).  Moreover,
 the policy's failure to define "household resident" does not by
 itself make the policy ambiguous.  Cf. id. at 55-56, 614 S.E.2d at
 654-55.  The policy defines "you" as the "named insured on the
 Declarations Page" and "the spouse of the named insured if residing
 in the same household."  It also defines "relative" as "a
 person residing in the same household as you, and related to you by
 blood, marriage, or adoption."  Thus, we see no ambiguity.
Second,
 Bell argues the trial court erred in finding he was not Serven's spouse because
 he provided sufficient evidence to survive summary judgment as to whether they
 were bound in common law marriage.  We disagree.  In South
 Carolina, common law marriage requires cohabitation accompanied by a present intent to be
 husband and wife.  See Baker v. Baker, 330 S.C. 361, 367, 499
 S.E.2d 503, 507 (Ct. App. 1998) (recognizing mutual understanding and intent
 are essential to the existence of a common law marriage); see also Callen
 v. Callen, 365 S.C. 618, 624, 624 S.E.2d 59, 62 (2005) (indicating that
 cohabitation combined with holding one's self out as married, creates a
 rebuttable presumption of the existence of a common law marriage).  In this
 case, Bell failed to provide evidence he and Serven held themselves out as
 married.  Although the couple lived together, cohabitation alone is insufficient
 to create a common law marriage.  The evidence indicates Serven and Bell were
 engaged to be married at some undetermined point in the future.  The only
 inference to be drawn from this is that the couple did not have a present
 intent to be married but instead a future intent to be married.  
As
 to the second defined term, Bell maintains he was a "relative" under
 the policy because the mother of his child was Serven, the named insured.
 Again, we disagree.  Bell is not a relative under the policy because he is not
 related to Serven by blood or marriage.  Accordingly, the trial court properly
 held Bell could not reach the UIM coverage of Serven's policy because he was not an
 insured under that policy.
2.  Bell
 also urges this court to adopt the doctrine of reasonable expectations.  We
 decline to do so.

 This doctrine essentially is that the objectively
 reasonable expectations of applicants and intended beneficiaries regarding the
 terms of insurance contracts will be honored even though painstaking study of
 the policy provisions would have negated these expectations.  The theory is
 based upon the proposition that the construction of the language of an
 insurance contract is not ordinarily controlled by the standards applicable to
 a contract negotiated at arm's length between two parties on the same plane. 
 . . . .
 This view has never been accepted by the Supreme Court of this State. In South Carolina insurance policies are subject to the general rules of contract construction. 
 . . . .
 If the intention of the parties is
 clear, the Courts have no authority to change the contract in any particular
 and have no power to interpolate into the agreement between the insurer and the
 insured, a condition or stipulation not contemplated by the parties.  A reviewing
 court should not rewrite or torture the meaning of policy language to achieve a
 result never intended by the parties.  

Allstate
 Ins. Co. v. Mangum,
 299 S.C. 226, 231, 383 S.E.2d 464, 466-67 (Ct. App. 1989) (citations and internal
 quotation marks omitted).  
Bell
 argues because the doctrine was not properly before the court in Mangum,
 the court's statement is dicta and as a result, the court has never explicitly
 rejected the doctrine.  See id. at 232, 383 S.E.2d at 467 (noting
 that because the doctrine of reasonable expectations was not addressed by the
 trial court, the issue was not properly preserved for appeal); but see United
 Servs., 365 S.C. at 54, 614 S.E.2d at 654 (stating that the doctrine
 of reasonable expectations has been rejected in South Carolina).  Admittedly,
 the court's statement in Mangum is not the law of the case; however, the
 supreme court has consistently held that unambiguous insurance policies are
 subject to the general rules of contract construction.  See, e.g., Gambrell
 v. Travelers Ins. Co., 280 S.C. 69, 71, 310 S.E.2d 814, 816 (1983); see
 also United Servs., 365 S.C. at 54, 614 S.E.2d at 654 (suggesting
 that implementation of this rule is the equivalent of rejecting the doctrine of
 reasonable expectations).  Therefore, even assuming for the sake of argument
 that the doctrine has not been explicitly rejected, because the doctrine cannot
 be reconciled with the rule that unambiguous insurance policies are subject to
 the traditional rules of contract construction, this court is precluded from
 adopting the doctrine.  Such a departure from jurisprudence must be left to our
 supreme court.  
CONCLUSION
Accordingly,
 the trial court is 
AFFIRMED.
FEW,
 C.J., THOMAS, and KONDUROS, JJ., concur.

[1]  Although the
 trial court found the date of the accident to be May 31, 2006, the record
 demonstrates this is a typographical error, and the parties accept that the
 accident actually occurred in March 2006 during the policy period.