**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Denise F. Bowen, Appellant,

v.

State Farm Mutual Automobile Insurance Company,
Respondent.

Appellate Case No. 2011-203546

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2013-UP-084
Heard January 15, 2013 – Filed February 20, 2013

**AFFIRMED**

Edwin L. Turnage, of Harris & Graves, PA, of
Greenville, for Appellant.

Stephanie G. Flynn and T. David Rheney, both of
Gallivan, White & Boyd, PA, of Greenville, for
Respondent.

**PER CURIAM:** Denise Bowen argues the trial court erred in finding she is not a
resident relative for the purpose of collecting underinsured motorist (UIM)
coverage from her father's State Farm insurance policy. On appeal she argues (1)

the record proves at the time of her collision she intended to have a substantial residency in her father's dwelling and the trial court erred in granting summary judgment and misapplied the resident relative factors, (2) the term "resides" is ambiguous in the policy, and (3) State Farm's insurance policy violates South Carolina's public policy. We affirm the trial court.

1.    As to summary judgment and whether the trial court properly analyzed the resident relative factors, we find the trial court properly granted summary judgment to State Farm. *See George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001) (holding the purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder); *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *State Farm Fire & Cas. Co. v. Breazell*, 324 S.C. 228, 231, 478 S.E.2d 831, 832 (1996) (determining one is a resident relative where the parties are "1) living under the same roof; 2) in a close, intimate and informal relationship, and 3) where the intended duration of the relationship is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship in contracting about such matters as insurance or in their conduct in reliance thereon").

2.    As to the interpretation of the term "resides," we find the trial court correctly reviewed the term. *Gambrell v. Travelers Ins. Cos.*, 280 S.C. 69, 71, 310 S.E.2d 814, 816 (1983) ("Insurance policies are subject to general rules of contract construction."); *Torrington Co. v. Aetna Cas. & Sur. Co.*, 264 S.C. 636, 643, 216 S.E.2d 547, 550 (1975) (finding parties to an insurance policy have a right to make their own contract and courts should not "rewrite it or torture the meaning of a policy to extend coverage never intended by the parties"); *Gambrell*, 280 S.C. at 71, 310 S.E.2d at 816 (holding courts should "give policy language its plain, ordinary and popular meaning").

3.    As to whether the State Farm insurance policy violates South Carolina public policy, we find this issue is not preserved for review. This issue was neither raised to nor ruled upon by the trial court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (noting to be preserved for review, an issue must be raised to and ruled upon by the trial court); *id.* (finding an issue cannot be raised for the first time on appeal).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**