## 22424

NATIONWIDE MUTUAL INSURANCE COMPANY, Petitioner v. Gene Lindsey HOWARD and Northland Insurance Company, Defendants, of Whom Gene Lindsey Howard is Respondent.

(339 S. E. (2d) 501)

Supreme Court

F. Dean Rainey, Jr., of *Rainey, Britton, Gibbes & Clarkson, P.A.,* Greenville, *for petitioner.*

*Eugene C. Covington, Jr.,* of *Foster, Covington & Patrick,* Greenville, *for respondent.*

Writ Issued May 13, 1985.

Heard Oct. 21, 1985.

Decided Dec. 16, 1985.

CHANDLER, Justice:

Nationwide Mutual Insurance Company (Nationwide) filed this action for declaratory judgment to determine its uninsured motorist coverage to Gene Lindsey Howard (Howard). The trial court held that Howard could add or "stack" multiple policies. The Court of Appeals affirmed. *Nationwide Mut. Ins. Co. v. Howard,* 284 S. C. 17, 324 S. E. (2d) 323 (Ct. App. 1984).

As modified, we affirm.

## FACTS

Howard, injured when his truck was hit by an unidentified motorist, received a $500,000 judgment in a "John Doe" action. He owned eight vehicles covered by five liability insurance policies. Two of the vehicles, including the truck involved in the accident, were covered by a fleet policy with Northland Insurance Company (Northland). This policy was written in language commonly referred to as 15-30 and 5. Three other vehicles were covered under one Nationwide fleet policy, also written as 15-30 and 5. The remaining three vehicles were covered by separate, individual Nationwide policies. These policies were written in language commonly referred to as "single limit." Each of these single limit policies provided a coverage of $35,000.

Although the aggregate amount recoverable in each type policy is $35,000, they operate differently.

In the 15-30 and 5 policy, where one person is injured, coverage is limited to $15,000. A total of $30,000 is recoverable by two or more persons injured in the same accident. The $5,000 portion of the policy provides recovery for property damage in that maximum amount.

Under the single limit policy, one person is not limited to a recovery of $15,000 for personal injury, but may recover the entire amount of $35,000. Moreover, one person involved in an accident, even though not injured, may recover up to the amount of $35,000 for property damage.

Howard contends he is entitled to stack the entire $35,000 from each of the three single limit policies and $15,000 from each of the three vehicles covered by the fleet policy, for a total recovery of $150,000. Nationwide counters that the policies cannot be stacked or, if they can, only in the maximum amount of $15,000 each.

## ISSUES

1. May policies containing uninsured motorist coverage in excess of basic limits be stacked under S. C. Code Ann. § 56-9-831 (Supp. 1984)?

2. May the $35,000 single limit policies be stacked in full where only one person is injured?

3. Are policy provisions enforceable which require that any amounts payable be reduced by uninsured motorist coverage afforded by the vehicle involved in the accident?[1]

## I. STACKING

Uninsured motorist coverage in excess of basic limits may not be stacked under S. C. Code Ann. § 56-9-831 (Supp. 1984). The statute states, in pertinent part:

> If ... an insured ... is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or

---

[1] Although properly appealed, the Court of Appeals, inexplicably, did not address this issue.

named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage. Coverage on any other vehicles shall not be added to that coverage.

This Court in *Gambrell v. The Travelers Ins. Cos.*, 280 S. C. 69, 310 S. E. (2d) 814 (1983) and *Garris v. Cincinnati Ins. Co.*, 280 S. C. 149, 311 S. E. (2d) 723 (1984) interpreted the first sentence to allow stacking of *under* insured motorist coverage up to, but not in excess of, the basic liability limits of 15-30 and 5, defined in S. C. Code Ann. § 56-9-820 (1976). The same rule applies to stacking of *un*insured motorist coverage.

Nationwide argues that under *Gambrell* and *Garris*, policies providing uninsured motorist coverage in excess of basic limits cannot be stacked *at all.* The Court of Appeals stated that "if 'an insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits,' then *stacking shall be proscribed.*" [Emphasis supplied]. 284 S. C. at 18, 324 S. E. (2d) at 324.

We clarify here any uncertainty as to our holdings in *Gambrell* and *Garris;* S. C. Code Ann. § 56-9-831 (Supp. 1984) sets a *cap* on stacking in the amount of basic limits, and does not proscribe stacking of policies with coverage in excess of basic limits *to the extent of this cap.*

## II. AMOUNT STACKABLE

The Court of Appeals affirmed the trial court's holding that the three single limit policies could be stacked in the full amount of $35,000 each "because they contain no breakdown like the $15,000 and $30,000 policies." 284 S. C. at 20, 324, S. E. (2d) at 325.

Where an insured or named insured has a vehicle involved in an accident, two limitations upon stacking contained in S. C. Code Ann. § 56-9-831 (Supp. 1984) apply. In *Gambrell* we construed the statute as to the first limitation; today we construe it as to the second.

### A. *Limitation One*

S. C. Code Ann. § 56-9-831 (Supp. 1984), as interpreted in *Gambrell*, permits an insured to stack coverage "up to, but not in excess of the basic liability limits of 15-30-5 required

by S. C. Code Ann. § 56-9-820 (1976)." 280 S. C. at 73, 310 S. E. (2d) at 817.

We hold that whether the coverage is broken down ■ does not affect this limitation on stacking.

The basic liability limits of 15-30 and 5, referred to in *Gambrell,* are contained in S. C. Code Ann. § 56-9-820 (1976):

> No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, ... unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles, ..., with respect to each motor vehicle, as follows: *fifteen thousand dollars because of bodily injury to or death of one person in any one accident,* and, subject to such limit for one person, thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and five thousand dollars because of injury to or destruction of property of others in any one accident. [Emphasis supplied].

Howard concedes that if the policies in question had been written as 15-30 and 5 they could only be stacked in maximum amounts of $15,000 each, or a total of $45,000. Indeed, he concedes that no amount of coverage in excess of basic liability limits is permitted to be stacked. His argument is that the aggregate amount of basic coverage in a 15-30 and 5 policy is $35,000; that when a single limit policy is written in that amount no part of the $35,000 constitutes excess even for a claim of one person only.

We do not agree with Howard's reasoning, the effect of which is to define basic limits as $35,000 where *one person only* is involved. Such a definiton contradicts the plain meaning of S. C. Code Ann. § 56-9-820 (1976), which sets the basic limits of uninsured coverage required for protection of one person. It also is contra to *Gambrell's* interpretation of S. C. Code Ann. § 56-9-831 (1984) relating to excess coverage, referred to earlier in this opinion.

## B. *Limitation Two*

Again, we refer to the language of S. C. Code Ann. § 56-9-831 (Supp. 1984):

> If ... an insured ... is protected by uninsured or under-insured motorist coverage in excess of the basic limits, the *policy shall provide* that the insured is *protected only to the extent of the coverage he has on the vehicle involved in the accident.* [Emphasis supplied].

The emphasized language clearly limits the amount of coverage which may be stacked from policies on vehicles not involved in an accident to an amount no greater than the coverage on the vehicle involved in that accident. The parties agree that the uninsured motorist endorsement on the Northland policy covering the vehicle involved in the accident provided maximum coverage of $15,000 to Howard and, indeed, that is the amount he received.

The single limit policies contain no such limiting provision. However, pertinent provisions of the uninsured motorist statutes which are absent from the policy language prevail as much as if expressly incorporated in the policy. *Southern Farm Bureau Cas. Ins. Co. v. Fulton,* 244 S. C. 559, 137 S. E. (2d) 769 (1964).

Accordingly, stacking is limited to $15,000 in both the 15-30-5 and the single limit type policies.

## III. CONTRACTUAL REDUCTION

Each of the four Nationwide policies involved contains provisions that uninsured motorist coverage payments are to be reduced by any uninsured motorist coverage applicable to the vehicle involved in the accident. Nationwide argues that pursuant to these provisions, the amount of coverage should be reduced by $15,000, the amount of uninsured motorist coverage on the truck insured by Northland involved in the accident. As noted above, the Court of Appeals did not address this issue.

The public policy declared by our uninsured motorist statute imposes an obligation on insurers to provide protection to their insureds against loss caused by wrongful conduct of an uninsured motorist, and any limiting language in an

insurance contract which has the effect of providing less protection than made obligatory by the statute is contrary to public policy and is of no force and effect. *Ferguson v. State Farm Mut. Ins. Co.*, 261 S. C. 96, 100, 198 S. E. (2d) 522 (1973). Pertinent provisions of the uninsured motorist statutes which are absent from the policy language prevail as much as if expressly incorporated in the policy. *Southern Farm Bureau Cas. Ins. Co. v. Fulton, supra.*

Uninsured motorist coverage is not to provide coverage for the uninsured vehicle but to afford additional protection to the insured. *Hogan v. Home Ins. Co.*, 260 S. C. 157, 194 S. E. (2d) 890 (1973). Such coverage is nowhere limited to the use of the insured vehicle, and cannot be so limited by the policy provisions. *Hogan.* The obligation of the insurer under the terms of the statute is to pay an insured all sums which he is legally entitled to recover from the tortfeasor up to the limit of insurance provided. *Boyd v. State Farm Mut. Ins. Co.*, 260 S. C. 316, 195 S. E. (2d) 706 (1973). Where damages exceed the sum of available coverages, the "other insurance" provisions are ineffective. *Boyd.*

Howard's damages exceed the sum of available coverages. Under the *Hogan* and *Boyd* standards, the contractual attempt to reduce liability is void. The fundamental purpose of the statute is to provide additional protection.

## IV. INTEREST ON JURY VERDICT

Howard contends that a term of the Nationwide policies entitles him to interest on the entire $500,000 jury verdict.

We decline to adjudicate this issue, as it was not raised in the trial court or the Court of Appeals. *See* Supreme Court Rule 55 § (4) subd. A(2).

## V. CONCLUSION

We hold that Howard is entitled to coverage of $90,000 as follows: $15,000 from each of the three coverages provided in the 15-30 and 5 Nationwide fleet policy; $15,000 from each of the three $35,000 Nationwide single limit policies.

Affirmed as modified.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.