1465

William E. McALISTER, Respondent v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, Appellant.

(390 S. E. (2d) 383)

Court of Appeals

*William W. Kehl,* of *Wyche, Burgess, Freeman & Parham,*
Greenville, *for appellant.*

*Alexander S. Macaulay,* of *Miley & Macaulay,* Walhalla,
*for respondent.*

Heard Jan. 23, 1990.

Decided Feb. 26, 1990.

CURETON, Judge:

This is a declaratory judgment action brought to deter-
mine an insurance coverage question. The trial court held
the Respondent, McAlister, had underinsured motorist cov-
erage of $25,000 under a policy issued by State Farm. State
Farm appeals. We affirm.

The facts in this case were stipulated at trial. The at-fault
driver[1] struck McAlister's vehicle causing damages for

---

[1] Not a party to this action.

bodily injury to McAlister in excess of $50,000. The at-fault driver had $25,000 in liability insurance coverage which has been paid to McAlister.

At the time of the accident, McAlister had two policies with State Farm. One policy insured his automobile and the other insured his truck. The automobile policy provided underinsurance coverage of $25,000 for each person and $50,000 for each accident. The policy also contained a provision which limited underinsured motorist coverage to $15,000 per person and $30,000 per accident if the insured was driving a vehicle owned by him but not described in the policy declaration at the time of the accident. The truck policy provided no underinsured motorist coverage. McAlister was driving the truck at the time of the accident.

McAlister demanded $25,000 from State Farm from the automobile policy. State Farm declined to pay underinsured motorist coverage in any amount greater than $15,000 relying on the provision in the automobile policy which limited underinsured motorist coverage to $15,000 if the insured was not driving the described vehicle at the time of the accident. The trial judge held this policy provision void as violative of the Financial Responsibility Act.

The following pertinent portion of Section 56-9-831, Code of Laws of South Carolina, 1976, as amended, was in effect at the time of the accident:

> Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at fault insured or underinsured motorist. *If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident.* If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage. Coverage on any other vehicles shall not be added to that coverage. Benefits paid pursuant to this

section shall be subject to subrogation and assignment. (emphasis added)[2]

State Farm argues the emphasized portion of Section 56-9-831 permits insurers to limit underinsured motorist coverage in South Carolina. By its interpretation of 56-9-831, if an insured purchases underinsured motorist coverage in excess of the basic limits of $15,000 per person and $30,000 per accident, the statute requires the insurer to provide coverage "only to the extent of the coverage he has on the vehicle involved in the accident." Read literally, State Farm says the statute permits it to exclude all underinsured motorist coverage when the accident occurs while the insured is driving another vehicle owned by him that has no underinsured motorist coverage. Here, however, the actual policy limitation is not so broad since it purports to restrict coverage only to $15,000. State Farm pointedly argues that if the statute permits a complete exclusion of coverage, it necessarily permits the limitation contained in the policy.

On the other hand, McAlister argues that under the precedent of *Gambrell v. Travelers Ins. Cos.*, 280 S. C. 69, 310 S. E. (2d) 814 (1983), the only restriction State Farm may include in its policy is that in insured may not have more underinsured motorist coverage than he has liability coverage.

Our Supreme Court in *Garris v. Cincinnati Ins. Co.*, 280 S. C. 149, 153, 311 S. E. (2d) 723, 726 (1984), held:

> Underinsured motorist coverage is controlled by and subject to our underinsured motorist act, and any insurance policy provisions inconsistent therewith are void, and the relevant statutory provisions prevail as if embodied in the policy.

In *Nationwide Mut. Ins. Co. v. Howard*, 288 S. C. 5, 339 S. E. (2d) 501 (1985), our Supreme Court, although construing the emphasized provision of 56-9-831 as it pertains to uninsured motorist coverage, intimated the purpose of uninsured motorist coverage is not to provide coverage for the uninsured vehicle but to afford additional protection to the insured. *Id.* at 12, 339 S. E. (2d) at 504. The court went on to

---

[2] This section has been recodified with some amendments as *S. C. Code Ann.* Section 38-77-160 (Rev. 1989).

state that "[s]uch coverage is nowhere limited to the use of the insured vehicle, and cannot be limited by the policy provisions." *Id.*

The *Nationwide* court found that in the area of stacking, the same rule applied to both underinsured and uninsured motorist coverage. The insurer in *Nationwide* made the argument with reference to uninsured coverage, as does State Farm here relating to underinsured coverage, that the limiting provision of 56-9-831 restricts coverage to only the amount of coverage on the vehicle involved in the accident. The court answered the argument stating "where damages exceed the sum of available coverages, the 'other insurance' provisions are ineffective." *Id.*

The South Carolina Supreme Court has over the years adopted a policy of construing the Financial Responsibility Act strictly against insurers and liberally in favor of the insured in order to accomplish the purposes underlying the statute. *See Pennsylvania Nat'l Mut. Casualty Ins. Co. v. Parker*, 282 S. C. 546, 320 S. E. (2d) 458 (Ct. App. 1984).

Here, the only extant underinsured motorist coverage that affected the truck was the coverage on the automobile; the amount of which was within the limits of McAlister's liability coverage on both the automobile and the truck. The statutory purpose of underinsured coverage is to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist. Because McAlister's damages exceed the limits of the at-fault motorist's liability coverage, we hold State Farm may not restrict coverage so as to preclude McAlister from recovering the full amount of his damages to the extent he has underinsured motorist coverage on the automobile. *See Gambrell v. Travelers Ins. Cos.*, 280 S. C. 69, 310 S. E. (2d) 814 (1983) (the only restriction recognized by the statute is that an insured may not have a greater amount of underinsured motorist coverage than he has liability coverage).

Additionally, we note the trial court's order made no mention of the emphasized portion of Section 56-9-831 and thus we must assume it did not rule on the effect of that language. Because State Farm did not move pursuant to S. C. R. Civ. P. Rule 59(e) to amend the judgment by request-

ing the court to address it, the issue is not preserved for review by this court. *Talley v. South Carolina Higher Education Tuition Grants Comm.*, 289 S. C. 483, 347 S. E. (2d) 99 (1986).

Accordingly, the order of the trial judge is affirmed.

Affirmed.

GARDNER and BELL, JJ., concur.

