492 S.E.2d 808

CONTINENTAL INSURANCE COMPANY, Respondent,

v.

Aubrey Courtney SHIVES, Jr., Appellant.

No. 2723.

Court of Appeals of South Carolina.

Submitted Sept. 9, 1997.

Decided Sept. 29, 1997.

Rehearing Denied Nov. 20, 1997.

Eugene C. Covington, Jr., of Covington, Patrick, Hagins & Lewis, Greenville, for appellant.

Phillip E. Reeves and Jennifer E. Johnsen, both of Gibbes, Gallivan, White & Boyd, Greenville, for respondent.

GOOLSBY, Judge:

Continental Insurance Company (Continental) brought this declaratory judgment action to determine the amount of underinsured motorist (UIM) coverage afforded to its insured, Aubrey Courtney Shives, Jr., for injuries sustained when Shives was hit by a vehicle while operating a bicycle. The trial court granted Continental's motion for summary judgment, holding Shives was not entitled to stack UIM coverage. Shives appeals. We affirm.[1]

## FACTS

On June 9, 1993, Tony Alvin Chappell lost control of his vehicle, crossed the center line of the road, and struck Shives, who was riding his bicycle. As a result of the accident, Shives had his leg amputated.

Shives brought a negligence action against Chappell. After a three-day trial, the jury returned a verdict in favor of Shives and awarded him $1,520,000 in actual damages and $77,000 in punitive damages.

At the time of the accident, Shives was a named insured on an insurance policy issued to him and his mother by Continental. There are two vehicles named on the policy. The policy provides for $500,000 of liability coverage, $5,000 in medical payments coverage, and $500,000 in UIM coverage. Chappell's liability carrier paid Shives $15,000, which represented the total amount of liability coverage available to him. Continental paid Shives $500,000 in UIM benefits in addition to $10,000 in medical payments coverage benefits.

Shives asserted he is entitled to stack an additional $500,000 in UIM benefits. Continental disagreed and instituted this declaratory judgment action. The trial court granted Continental's summary judgment motion, holding there was no genuine issue of material fact and that (1) S.C.Code Ann. § 39–77–160 (Supp.1996) precludes stacking of UIM coverage under the facts of this case and (2) the Continental policy

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

validly precludes stacking when an insured vehicle is not involved in the accident.

## DISCUSSION

Shives argues the trial court erred in holding that section 38–77–160 precludes stacking of UIM coverage under the facts of this case.

Stacking is the insured's recovery of damages under more than one policy until the insured satisfies all of his damages or exhausts the limits of all available policies. *Giles v. Whitaker*, 297 S.C. 267, 376 S.E.2d 278 (1989). An insured is generally permitted to stack unless limited by statute or by a valid policy provision. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 288 S.C. 335, 342 S.E.2d 603 (1986).

Section 38–77–160, which governs an insured's right to stack UIM benefits, provides in pertinent part that if

> an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

S.C.Code Ann. § 38–77–160 (Supp.1996).

Shives contends section 38–77–160 does not account for situations when the victim is not in a vehicle. According to Shives, the first sentence of the above-quoted language from section 38–77–160 presupposes the victim is occupying his own vehicle and the second sentence when read together with the first presupposes the victim is occupying a vehicle he does not own. Because insureds can receive UIM coverage without regard to whether they are occupying a vehicle, *Nationwide Mut. Ins. Co. v. Howard*, 288 S.C. 5, 339 S.E.2d 501 (1985), Shives contends a person not in a vehicle who has contracted for UIM coverage would lose the benefit of his contractual bargain when, as here, the insured has paid two premiums for UIM coverage. Shives, therefore, concludes that he should be allowed to stack. We disagree.

■ Our courts have consistently held that to ascertain whether an insured may stack under section 38–77–160 the court must determine whether the insured qualifies as a Class I or Class II insured. A Class I insured is an insured or named insured that has a vehicle involved in the accident. *South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham*, 304 S.C. 442, 442 n. 1, 405 S.E.2d 396, 397 n. 1 (1991). A Class II insured is an insured whose vehicle was not involved in an accident. *Id.* Although Class I insureds may stack coverage, Class II insureds may not. *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 295 S.C. 538, 370 S.E.2d 85 (1988).

■ The determination of whether Shives is a Class I insured depends on whether a bicycle is a vehicle. The trial court held that, as a matter of law, a bicycle is not a vehicle for the purpose of section 38–77–160. Shives did not challenge this ruling in his initial brief to this court. The trial court's unappealed ruling becomes the law of the case, and we must assume the trial court was correct in ruling that a bicycle is not a vehicle. *Resolution Trust Corp. v. Eagle Lake & Golf Condominiums*, 310 S.C. 473, 427 S.E.2d 646 (1993).[2] As such, Shives cannot be a Class I insured because none of Shives's vehicles were involved in the accident. Instead, Shives is a Class II insured; therefore, he cannot stack multiple coverages.

■ Even if the bicycle is a vehicle under section 38–77–160, Shives cannot stack additional UIM coverage because an insured can stack UIM coverage only in an amount equal to the UIM coverage on the vehicle involved in the accident. Because there was no UIM coverage on the bicycle, Shives cannot stack. *See Howard*, 288 S.C. at 11, 339 S.E.2d at 504 (holding section 38–77–160 clearly limits "the amount of coverage which may be stacked from policies on vehicles not involved in the accident to an amount no greater than the coverage of the vehicle involved in that accident"); *Ohio Cas. Ins. Co. v. Hill*, 323 S.C. 208, 473 S.E.2d 843 (Ct.App.1996) (in which this court held that, because the insureds had no UIM

---

2. Shives challenges this ruling for the first time in his reply brief. An appellant may not, however, use the reply brief to argue issues not argued in the initial brief. *Bochette v. Bochette*, 300 S.C. 109, 386 S.E.2d 475 (Ct.App.1989).

coverage on the vehicle involved in the accident, the insureds could not stack UIM coverage under section 38–77–160).

Shives also argues the trial court erred in holding the policy properly limited his right to stack UIM coverage. The policy provides in regard to maximum payments under both UIM and uninsured motorist coverage that the insurer "will make an additional amount available to [the insured] or a relative if such person sustains bodily injury or property damage in an accident involving [the insured's] insured auto."

Our courts will invalidate a policy provision that purports to limit stacking of statutorily required coverage. *Jackson,* 288 S.C. at 337, 342 S.E.2d at 605. If, however, the language of the policy that limits stacking "merely tracks the statutory restriction," then the restriction is valid. *Brown v. Continental Ins. Co.,* 315 S.C. 393, 396, 434 S.E.2d 270, 272 (1993).

Here, the policy language that restricts stacking is valid because it conforms to the restrictions on stacking set forth in section 38–77–160. Similar to the policy provision in question, section 38–77–160 prohibits an insured's stacking of UIM coverage when an insured vehicle is not involved in the accident. *Id.*

**AFFIRMED.**

CURETON and CONNOR, JJ., concur.