579 S.E.2d 527

**Sharon D. MOODY, Appellant,**

v.

**DAIRYLAND INSURANCE COMPANY, Respondent.**

**No. 3624.**

Court of Appeals of South Carolina.

Submitted March 10, 2003.

Decided April 14, 2003.

Thomas M. Gagne, of Greenville, for Appellant.

Robert W. Buffington, of Greenville, for Respondent.

HOWARD, J.:

Sharon D. Moody brought a declaratory judgment action against her automobile insurance carrier, Dairyland Insurance Company ("Dairyland"), claiming her insurance policy should be reformed to include underinsured motorist ("UIM") coverage up to the policy's statutory minimum liability limits ("statutory minimum limits") because Dairyland failed to make a meaningful offer of UIM coverage. The circuit court granted Dairyland's motion for summary judgment. Moody appeals. We affirm.

## FACTS/PROCEDURAL HISTORY

On June 14, 2000, Moody purchased an automobile insurance policy with the statutory minimum limits from Dairyland.[1] Dairyland offered Moody UIM coverage only in an amount equal to the statutory minimum limits of her policy. Moody expressly rejected Dairyland's offer of UIM coverage.

Subsequently, Moody was involved in an automobile accident in which she alleged the other driver was at fault. She claimed she was entitled to proceeds from her policy's UIM coverage because her damages exceeded the limits of the at-fault driver's liability insurance policy. Dairyland denied the claim, stating Moody's policy contained no UIM coverage.

Moody filed this declaratory judgment action, seeking to have her insurance policy reformed to include UIM coverage. She argued Dairyland failed to make a meaningful offer of UIM coverage in amounts less than the statutory minimum limits. Dairyland moved for summary judgment. Dairyland argued, pursuant to South Carolina Code Annotated section 38–73–470 (Supp.2002), it was not required to offer UIM

---

1. *See* S.C.Code Ann. § 38–77–140 (Supp.2002) (stating the minimum liability coverage limits are "fifteen thousand dollars because of bodily injury to one person in any one accident ..., thirty thousand dollars because of bodily injury to two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident" or 15/30/10).

coverage in amounts less than the statutory minimum limits. The circuit court agreed and granted Dairyland's motion. Moody appeals.

## STANDARD OF REVIEW

Summary judgment is granted "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Osborne v. Adams,* 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001). When reviewing a grant of summary judgment, this Court must use "the same standard applied by the trial court pursuant to Rule 56, SCRCP." *Lanham v. Blue Cross & Blue Shield of South Carolina, Inc.,* 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). Moreover, "[o]n appeal from an order granting summary judgment, [this Court] will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party." *Ferguson v. Charleston Lincoln Mercury, Inc.,* 349 S.C. 558, 563, 564 S.E.2d 94, 96 (2002).

## DISCUSSION

Moody argues the circuit court erred in granting Dairyland's motion for summary judgment, asserting Dairyland did not make a meaningful offer of UIM coverage because it failed to offer coverage in amounts less than the statutory minimum limits.[2] We disagree.

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hawkins v. Bruno Yacht Sales,* 353 S.C. 31, 40, 577 S.E.2d 202, 207 (2003).. Moreover, "[w]here the terms of the statute are clear, [this Court] must apply those terms according to their literal meaning." *Brown v. South Carolina Dep't of Health & Envtl. Control,* 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002); *see also*

---

2. Our supreme court has adopted a four-part test to determine whether an insurer has made a meaningful offer of optional insurance coverages: "(1) the insurer's notification process must be commercially reasonable ...; (2) the insurer must specify limits of optional coverage and not merely offer additional coverage in general term; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium." *State Farm Mut. Auto. Ins. Co. v. Wannamaker,* 291 S.C. 518, 521, 354 S.E.2d 555, 556 (1987).

*Rowe v. Hyatt,* 321 S.C. 366, 369, 468 S.E.2d 649, 650 (1996) (holding when "interpreting a statute, words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation").

In relevant part, section 38–73–470 provides "[t]here is no requirement for an insurer or an agent to offer underinsured motorist coverage at limits less than the statutorily required bodily injury or property damage limits." [3] Dairyland asserts this amendment specifically alleviated the requirement that insurers offer UIM coverage in any amount below the statutory minimum limits.

However, Moody argues the language of section 38–73–470 "basically states a contract principle which states that no one had to make any offer [at all]." Furthermore, Moody asserts South Carolina Code Annotated section 38–77–160 (Supp.2002) (requiring automobile insurance carriers to offer UIM coverage "up to the limits of the insured liability coverage") and the cases interpreting this section, required Dairyland to offer UIM coverage at amounts less than the statutory minimum limits. In each of the following cases, *Butler v. Unisun Ins. Co.,* 323 S.C. 402, 407, 475 S.E.2d 758, 761 (1996), *Norwood v. Allstate Ins. Co.,* 327 S.C. 503, 489 S.E.2d 661 (Ct.App.1997), and *Osborne v. Allstate Ins. Co.,* 319 S.C. 479, 488, 462 S.E.2d 291, 296 (Ct.App.1995), the central holding was section 38–77–160 mandates an insurer to offer UIM coverage in amounts less than the statutory minimum limits.

Both of Moody's arguments fail. First, we decline to accept Moody's particularly parsed and strained reading of section 38–73–470. The relevant statutory language in this section is unambiguous and conveys a clear and definite meaning that insurance carriers are under no duty to offer UIM coverage at any amount less than the statutory minimum limits.

Moreover, Moody's reliance on section 38–77–160 and the cases interpreting it is misplaced. *Butler, Norwood,* and *Osborne* were decided prior to the effective date of the 1997 amendment to section 38–73–470. Thus, these cases were correctly decided under the then-existing law. However,

---

3. This portion of section 38–73–470 was added in 1997 by Act No. 154 § 3.

these cases are no longer controlling because each was decided prior to the 1997 amendment.

## CONCLUSION

For the foregoing reasons, the circuit court's order granting Dairyland's motion for summary judgment is

**AFFIRMED.**[4]

CURETON and STILWELL, JJ., concur.

---

4.  Because oral argument would not aid the Court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.