THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jean Huggins and David Lindsay, as Personal Representative of the Estate 
 of John C. Lindsay, Jr., deceased, Appellant,
v.
Bruce A. Ericson and South Carolina Farm Bureau Mutual Insurance Company,
Respondent.
 
 
 

Appeal From Marlboro County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2004-UP-345
Submitted May 12, 2004  Filed May 25, 
 2004

AFFIRMED

 
 
 
Arthur K. Aiken and Howard Hammer, both of Columbia, for Appellant.
Louis D. Nettles, of Florence and T. Eugene Allen, of Columbia, for Respondents.
 
 
 

PER CURIAM:  John C. Lindsay, Jr. 
 died as a result of an accident that occurred when his motorcycle collided with 
 a truck driven by Bruce A. Ericson. Lindsays estate sought to stack the additional 
 underinsured motorist coverage from Lindsays Farm Bureau insurance policies 
 covering two other vehicles he owned.  Each of the Farm Bureau policies provided 
 $250,000 in underinsured motorist coverage.  Farm Bureau paid Lindsays estate 
 $100,000 under each policy, totaling $200,000.  The personal representative 
 of Lindsays estate brought a declaratory judgment seeking a determination that 
 Farm Bureau was liable for the full amount of the underinsured motorist coverage 
 on each policy, totaling $500,000.  The circuit court granted summary judgment 
 in favor of Farm Bureau, finding the available underinsured motorist coverage 
 on each policy was limited to the amount of coverage Lindsay carried on the 
 vehicle involved in the accident, in this case $100,000. 
Lindsays estate appeals arguing that the 
 available underinsured motorist coverage was not so limited because of ambiguities 
 in the Farm Bureau policy or, alternatively, because Lindsay bargained for additional 
 coverage.  We affirm [1] pursuant 
 to Rule 220, SCACR, and the following authorities:  S.C. Code Ann. § 38-77-160 
 (2002 and Supp. 2003); Lanham v. Blue Cross and Blue Shield of South Carolina, 
 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) (finding that a grant of summary 
 judgment will be affirmed on appeal when there is no genuine issue as to any 
 material fact and the moving party is entitled to a judgment as a matter of 
 law); South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham, 304 S.C. 
 442, 446, 405 S.E.2d 396, 398 (1991) ([W]e interpret the pertinent language 
 of the statute as setting a cap on the amount which can be stacked; the amount 
 of coverage which may be stacked from policies on vehicles not involved in an 
 accident is limited to an amount no greater than the coverage on the vehicle 
 involved in the accident.); Nationwide Mut. Ins. Co. v. Howard, 288 
 S.C. 5, 12, 339 S.E.2d 501, 504 (1985) (Pertinent provisions of the uninsured 
 motorist statutes which are absent from the policy language prevail as much 
 as if expressly incorporated in the policy.); State Farm Mut. Auto Ins. 
 Co. v. Gunning, 340 S.C. 526, 529, 532 S.E.2d 16, 17 (Ct. App. 2000) ([Section 
 38-77-160] applies to every policy as if embodied therein, and inconsistent 
 policy provisions are void.).
 AFFIRMED
HEARN, C.J., STILWELL, J., and CURETON, 
 AJ., concur.

 
 [1] We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.