**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rhonda Meisner, Appellant,

v.

Grant Meisner, Respondent.

Appellate Case No. 2019-001383

---

Appeal From Richland County
Monét S. Pincus, Family Court Judge

---

Unpublished Opinion No. 2022-UP-267
Submitted May 1, 2022 – Filed June 15, 2022

---

**AFFIRMED**

---

Rhonda Meisner, of Blythewood, pro se.

Sheila McNair Robinson, of Moore Bradley Myers, PA, of West Columbia; and Katherine Carruth Goode, of Winnsboro, for Respondent.

---

**PER CURIAM:** Rhonda Meisner (Wife) appeals a family court order granting Grant Meisner's (Husband's) motion to dismiss Wife's petition for an order of protection. On appeal, Wife argues the family court erred when it dismissed her petition and failed to accept evidence of the abuse at the hearing. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err by dismissing Wife's petition for an order of protection because Wife's petition did not include the date or time with details of the alleged abuse as required by section 20-4-40(b) of the South Carolina Code (2014). *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[A]n appellant is not relieved of his burden to demonstrate error in the family court's findings of fact. Consequently, the family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))); § 20-4-40(b) ("A petition for relief *must* allege the existence of abuse to a household member. It *must* state the specific time, place, details of the abuse, and other facts and circumstances upon which relief is sought and must be verified." (emphases added)). Moreover, Wife's arguments that she should have been entitled to amend her petition and the family court erred by failing to address her request for separate support and maintenance is not preserved for review because they were not raised to and ruled on by the family court. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.").[1]

We further note that although the family court dismissed the petition with prejudice, the family court also ordered that Wife could bring the allegations in the private divorce litigation. This is consistent with section 20-4-40(d) of the South Carolina Code (2014).

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] In her reply brief, Wife asserted that a complete reading of the statute provided that not all of the requirements in section 20-4-40(b) needed to be included in the petition, so long as they are presented at the subsequent hearing. She further argued the notice requirement under section 20-4-40 referred to the proceeding, not the pleadings. Because these issues were raised for the first time in Wife's reply brief, they are not properly before this court. *See Cont'l Ins. Co. v. Shives*, 328 S.C. 470, 474, 492 S.E.2d 808, 811 (Ct. App. 1997) ("An appellant may not . . . use the reply brief to argue issues not argued in the initial brief.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.