648 S.E.2d 582

Anthony M. ENRIQUEZ, Respondent,

v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Appellant.

No. 26355.

Supreme Court of South Carolina.

Heard May 23, 2007.

Filed July 2, 2007.

Andrew F. Lindemann, of Davidson, Morrison & Lindemann, P.A., of Columbia; and Andrew McLeod, of Harris, McLeod and Ruffner, of Cheraw, for appellant.

John B. Shupper, of Columbia, for respondent.

Justice MOORE.

This appeal is from an order sanctioning appellant South Carolina Department of Corrections (SCDOC) for a discovery violation. We affirm.

## FACTS

Respondent Anthony Enriquez commenced this action against SCDOC for allegedly failing to prevent a beating inflicted by other prisoners while he was incarcerated. On the second day of trial, during questioning by Enriquez's counsel, a corrections officer revealed that he had filed an incident report following the altercation. Counsel requested a copy of the report which SCDOC then produced during a break in testimony along with other documents that had not been previously disclosed.[1] After examining the documents, counsel moved for sanctions claiming that the new documents identified other witnesses and would have affected his evaluation of Enriquez's case.

The trial judge found sanctions were appropriate and ordered SCDOC to pay $3,000 in attorney's fees based on counsel's representation of his hourly fee for two days of trial and long distance travel.

## ISSUE

Does Rule 37, SCRCP, authorize sanctions in this case?

## DISCUSSION

SCDOC contends Rule 37, SCRCP, which allows sanctions for discovery violations, does not authorize sanctions for the failure to supplement discovery responses in this case. We disagree. SCDOC's complaint that it simply failed to "supplement" a previous request has no factual basis. Pursuant to an earlier motion to compel, there was a standing order that SCDOC "promptly comply with discovery or [be] subject to sanctions." Rule 37(b) expressly provides for an award of sanctions for a party's failure to obey a discovery order.[2]

---

**1.** Counsel for SCDOC was not aware that the documents had not been produced.

**2.** This rule provides in pertinent part:

Because SCDOC failed to fully comply with discovery as ordered, sanctions were authorized under Rule 37.

SCDOC's remaining issues are without merit and we dispose of them pursuant to Rule 220(b), SCACR, and the following authorities: *Grant v. South Carolina Coastal Council*, 319 S.C. 348, 461 S.E.2d 388 (1995) (procedural due process claim raised for the first time on appeal is not preserved); *State v. 192 Coin–Operated Video Game Machines*, 338 S.C. 176, 525 S.E.2d 872 (2000) (appellant has the burden to provide an adequate record for review).

**AFFIRMED.**

TOAL, C.J., BURNETT, PLEICONES, JJ., and Acting Justice MICHAEL G. NETTLES, concur.

(b) Failure to Comply With Order.
(2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.