THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Diane B.
 Phillips, Appellant,
 v.
 Horry County, Respondent.
 ____________________
 Richard Kevin
 Phillips, Appellant,
 v.
 Horry County, Respondent.
 
 
 

Appeal From Horry County
 Alexander S. Macaulay, Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-045
Submitted December 12, 2008  Filed
 January 15, 2009    
AFFIRMED

 
 
 
 James P. Stevens, Jr., of Loris, for Appellants.
 Victoria T. Vaught, of Conway, for Respondent.
 
 
 

PER CURIAM: Dianne B. Phillips and Richard Kevin Phillips appeal
 the order of the trial court granting summary judgment to Horry County.  They assert the trial court erred in holding the federal courts finding of probable
 cause in their 42 U.S.C.A. § 1983 (2000) claim collaterally estopped them from
 claiming a lack of probable cause in their remanded state law claims for
 malicious prosecution, false imprisonment, and assault and battery.  
This
 action arises from the Phillips arrest by Horry County law enforcement officer
 Kevin Jordan for breach of peace.  The charge against Mrs. Phillips was later dismissed. 
 The charge against Mr. Phillips was also dismissed after he performed community
 service.  
The
 Phillips brought separate actions against Horry County and Officer Jordan for
 assault and battery, malicious prosecution, false imprisonment, and violation
 of the civil rights under color of state law pursuant to 42 U.S.C.A § 1983. 
 The defendants removed the action to federal court on the basis of federal
 question jurisdiction.  The federal court granted the defendants summary
 judgment finding, among other issues, that the officers had probable cause to
 arrest the Phillips and did not use excessive force.  It declined to exercise
 supplemental jurisdiction of the remaining state law claims and remanded the
 case to the Court of Common Pleas for Horry County.  The circuit court held
 that because the issues of probable cause and reasonable force had already been
 fully and fairly litigated in federal court and the Phillips had presented no
 additional evidence, they were precluded from relitigating the issues.  It held
 summary judgment was appropriate as the determination of those issues
 foreclosed the Phillips claims for assault and battery, false imprisonment,
 and malicious prosecution.  This appeal followed.  
On
 appeal, the Phillips assert for the first time that the circuit court
 mistakenly applied the federal test required by § 1983 for arguable probable
 cause while our state law requires probable cause in fact.  As this argument
 was neither raised to nor ruled on by the circuit court, it is not properly
 before this court.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d
 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first
 time on appeal, but must have been raised to and ruled upon by the trial judge
 to be preserved for appellate review.).  
In
 their reply brief, the Phillips argue the circuit court erred in granting
 summary judgment because it:

 (1)
 adopted the federal test or standard for granting summary judgment in the
 applicable state law claims, (2) applied a subjective test, instead of an
 objective test, to determine whether the arresting officer had probable cause
 to arrest, (3) ignored the South Carolina minority rule that probable cause
 is ordinarily a question of fact for the jury, (4) ignored the issue that the
 appellants were arrested in their home which requires a higher standard of
 probable cause, (5) ignored several genuine issues of material fact and
 apparently viewed the evidence in the light most favorable to the Respondents,
 and finally (6) ignored issues bearing on the credibility of the witness.  

From
 the record before the court, we cannot discern whether any of these issues were
 raised to or ruled upon by the circuit court.  See Wilder Corp. v.
 Wilke, 330 S.C. at 76, 497 S.E.2d at 733 (1998) (stating an issue cannot be
 raised for the first time on appeal, but must have been raised to and ruled
 upon by the trial judge to be preserved for appellate review); Enriquez v.
 S.C. Dept of Corrections, 374 S.C. 165, 167, 648 S.E.2d 582, 583 (2007)
 (appellant has the burden to provide an adequate record for review);  Shealy
 v. Aiken County, 341 S.C. 448, 460, 535 S.E.2d 438, 444-45 (2000) (trial
 courts general ruling insufficient to preserve specific issue for appellate
 review; where trial court does not explicitly rule on argument raised, and no
 Rule 59 motion filed, appellate court may not address the issue); Grant v.
 S.C. Coastal Council, 319 S.C. 348, 355-56, 461 S.E.2d 388, 392 (1995)
 (finding that an inaccuracy in the trial courts order must be raised to the
 trial court by way of a motion to alter or amend a judgment before the
 inaccuracy may be challenged on appeal).  Furthermore, many of these arguments
 were raised for the first time in the reply brief.  See Continental
 Ins. Co. v. Shives, 328 S.C. 470, 474 n.2, 492 S.E.2d 808, 811 n.2 (Ct. App.
 1997) (stating an appellant may not use the reply brief to argue issues not
 raised in the initial brief).  Accordingly we find the Phillips arguments are
 not properly before this court.  As the Phillips have not presented this court
 with any preserved arguments challenging the circuit courts ruling, we must
 affirm.  
AFFIRMED.[1]
ANDERSON,
 HUFF, and THOMAS, JJ. concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.