THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 
 Jean Holst,
 Individually, and as the Personal Representative of the estate of William
 Edward Holst, Jr., Appellant,
 
 
 
 
 
 

v.

 
 
 
 
 
 South Carolina
 State Port Authority, Respondent.
 
 
 
 
 
 

Appeal From Charleston County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2011-UP-198  
Heard November 3, 2010  Filed May 3, 2011

AFFIRMED

 
 
 
 Anne McGinness Kearse, Kevin R. Dean, and T.
 David Hoyle, all of Mount Pleasant, for Appellant.
 Randell C. Stoney, Jr., of Charleston, for
 Respondent.
 
 
 

PER CURIAM: In
 this wrongful death action, Jean Holst, individually, and as the personal representative of the estate of
 William Edward Holst, Jr., appeals a jury
 verdict in favor of the South Carolina State Port Authority (SCSPA).  We
 affirm.
FACTS/PROCEDURAL HISTORY
The background facts of this
 case are set out in this court's opinion in Holst v. KCI Konecranes Int'l
 Corp., 390 S.C. 29, 699 S.E.2d 715 (Ct. App. 2010).

 William
 Holst (Decedent) was a checker at the Wando Welch Terminal of the South
 Carolina State Ports Authority (SCSPA) in Charleston. As a checker, Decedent
 was responsible for identifying the containers needed for transport between the
 container yard and the ships.  After identifying the correct containers for
 transport, Decedent would instruct the crane operators to move and load the
 containers in the proper sequence.  On July 5, 2004, Decedent was working with
 Chad Swan, an employee of the SCSPA, who operated a KCI rubber-tired gantry
 crane (the crane). Swan was transferring containers from a container pad onto
 trucks for transport.  [A container pad contains a truck lane and six stacks of
 containers, each with the potential of having four containers stacked on top of
 each other.]
 Decedent
 instructed Swan to move all of the containers in stacks two, three, and four of
 the pad.  After Swan moved all of the containers out of stack two, he picked up
 the four containers from stack one and lowered them into stack two.  Decedent
 was standing in stack two and was crushed to death by the containers.
 Swan
 testified he was unaware Decedent was in the second stack when he grounded the
 containers from stack one. He further testified he did not have visibility of
 the ground in stack two from the operator's cab of the crane.  Swan stated that
 while Decedent did not instruct him to move the containers from stack one into
 stack two, it was protocol and a safety procedure to move the four containers
 out of stack one.

Id. at 33-34, 699 S.E.2d at 718.
Holst brought this wrongful
 death and negligence action against SCSPA.  SCSPA denied any negligence on its
 part and asserted that even if it was negligent, Decedent's negligence was
 greater than its own.  The case was tried before a jury to which the trial
 court submitted a special verdict form.  The jury found Holst did not prove "by
 the greater weight of the evidence that the defendant, though its agent,
 servant, or employee was negligent, and that such negligence was a proximate
 cause of some loss or damage proven to have been sustained by the plaintiff
 and/or plaintiff's decedent."  This appeal followed.
LAW/ANALYSIS
Holst argues the trial court
 erred in charging the jury on certain Occupational Safety and Health
 Administration (OSHA) regulations.  We disagree.  
"An appellate court will
 not reverse the trial court's decision regarding jury instructions unless the
 trial court committed an abuse of discretion."  Cole v. Raut, 378
 S.C. 398, 404, 663 S.E.2d 30, 33 (2008). "An abuse of discretion occurs
 when the trial court's ruling is based on an error of law or is not supported
 by the evidence." Id.  
"A trial court must
 charge the current and correct law."  Wells v. Halyard, 341 S.C.
 234, 237, 533 S.E.2d 341, 343 (Ct. App. 2000).  A trial court generally has a
 duty to give a requested instruction that correctly states the law applicable
 to the issues and evidence.  Brown v. Smalls, 325 S.C. 547, 555, 481
 S.E.2d 444, 448 (Ct. App. 1997).  However, the court should confine the jury
 instructions to the issues made by the pleadings and supported by the evidence.
  Fairchild v. S.C. Dep't of Transp., 385 S.C. 344, 350-51, 683 S.E.2d
 818, 822 (Ct. App. 2009).
In reviewing jury charges for
 an alleged error, the appellate court "must consider the court's jury
 charge as a whole in light of the evidence and issues presented at trial.  If,
 as a whole, the charges are reasonably free from error, isolated portions which
 might be misleading do not constitute reversible error."  Keaton ex
 rel. Foster v. Greenville Hosp. Sys., 334 S.C. 488, 497, 514 S.E.2d 570,
 575 (1999).  "An alleged error is harmless if the appellate court
 determines beyond a reasonable doubt that the alleged error did not contribute
 to the verdict."  Wells, 341 S.C. at 237, 533 S.E.2d at 343.
The trial court charged the
 jury:

 In
 addition, there are particular OSHA regulations, that is the Department of
 Occupational Safety and Health Administration, Regulation [29 C.F.R. § 1917.71
 (d)(2) (2010)] that specifically relate to marine terminal operations.
 It
 requires that the employer shall direct employees to stay clear of the area
 beneath a suspended container.  . . .  [A]nother OSHA regulation [29 C.F.R. §
 1917.13(h) (2010)] also relates to, specifically to, marine terminal
 operations, and that regulation requires that the employer shall require
 employees to stay clear of the area beneath overhead drafts or descending
 lifting gear.

The
 court also charged the jury at Holst's request:

 And a
 regulation [29 C.F.R. 1910.179(n)(3)(vi) (2010)] provides that the employer
 shall require that the operator, being the operator of a crane, avoid carrying
 loads over people.  And where it is shown that the employee has violated the
 requirements of a rule or regulation, that violation may constitute negligence
 on the part of that employee.

Holst does not challenge the
 wording of the charge.  Instead, she asserts the trial court should not have
 charged the OSHA regulations requested by SCSPA to the jury.  Holst argues the
 charge was inappropriate because SCSPA could not shift liability to Decedent's
 employer.  SCSPA contends it was not attempting to shift liability to Decedent's
 employer.  Instead, at trial it claimed Decedent was aware he should stay clear
 of the area beneath a suspended container.  In its answer, SCSPA asserted
 Decedent's negligence exceeded its own negligence because, among other reasons "On
 information and belief [Decedent] failed to observe his employer's safety rules
 and procedures for stevedoring operation in which he was engaged at the time of
 his injuries."  SCSPA never attempted to demonstrate Decedent's employer
 failed to comply with the OSHA regulations.  It did not seek indemnity or
 contribution from the employer.  Instead, SCSPA elicited testimony showing the
 checkers were aware of the safety regulations and provided other testimony
 concerning the regulations.  
Stephen E. Connor read the
 OSHA regulations to the jury.  John Michael Alvanos, a friend of Decedent who
 also worked as a checker, testified the checkers had a safety meeting before
 every shift and safety was on the agenda of every monthly meeting.  He stated
 the checkers and clerks were trained and certified under OSHA.  In addition, he
 claimed: "[Decedent] knew all the do's and don'ts.  I can, I can verify
 for him one hundred percent he knew all the do's and don'ts on that terminal." 
John Cleary, a clerk-checker
 like Decedent, testified that while checkers must be careful and aware of where
 the crane is, they must also go into the stacks to do their job.  However,
 Cleary also stated that checkers should not go under the load of the crane
 while it is moving and experienced checkers know this.  
Bill Harwell, Holst's expert
 witness, testified he was aware that according to OSHA regulations no one
 should ever go under a suspended load.  He also stated someone of the Decedent's
 experience would know that.  
Because the jury heard
 testimony that included the regulations themselves as well as evidence that
 checkers such as the Decedent were aware of the regulations, we find no
 prejudice from the trial court's charge.  
Citing Fernanders v. Marks
 Construction. of South Carolina., Inc., 330 S.C. 470, 475, 499 S.E.2d 509,
 511 (Ct. App. 1998), Holst argues: "The prejudice in instructions of
 irrelevant and inapplicable principles of law is manifest."  This court in Fernanders was discussing the effect of charging the jury on the concept
 of joint and several liability, which it found to be comparable to charging the
 jury on the existence of liability insurance.  Id.  We find Fernanders does not negate well-established law requiring both error and prejudice.  See Cole, 378 S.C. at 405, 663 S.E.2d at 33 (stating an erroneous jury
 instruction is not grounds for reversal unless the appellant can show prejudice
 from the erroneous instruction).[1]
We find no reversible error
 in the trial court's charge.  Accordingly, the verdict in favor of SCSPA is 
AFFIRMED.
HUFF, KONDUROS, and
 LOCKEMY, JJ. concur.  

[1] Holst also argues on appeal that the charges
 were improper because the OSHA regulations do not create a private right of
 action.  In addition, in her reply brief, Holst raises for the first time the
 issue that the trial court's charge of the OSHA regulations constituted
 commenting on the facts of the case.  We find these issues are not properly
 before this court.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d
 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the
 first time on appeal, but must have been raised to and ruled upon by the trial
 judge to be preserved for appellate review."); State v. Dunbar, 356
 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (holding a party may not argue one
 set of grounds below and alternate grounds on appeal); Continental Ins. Co.
 v. Shives, 328 S.C. 470 n.2, 474, 492 S.E.2d 808, 811 n.2 (Ct. App. 1997) ("An
 appellant may not use the reply brief to argue issues not raised in the initial
 brief.").